OPINION *Page 2 
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Margaret Kuzniak, appeals the decision of the Mahoning County Court #2 granting summary judgment in favor of Appellee, Arrow Financial Services. We conclude that the trial court abused its discretion in granting Arrow's Motion to Deem Facts as Admitted which ultimately resulted in its grant of summary judgment. Accordingly, the decision of the trial court is reversed and this case is remanded for further proceedings.
 {¶ 2} On October 11, 2005, Arrow filed a complaint against Kuzniak claiming that she was in default on her credit card. Kuzniak timely filed a pro se answer. Discovery requests were sent to Kuzniak on November 4, 2005. On November 26, Arrow received Kuzniak's discovery requests. Arrow claims that they timely responded to Kuzniak's discovery requests.
 {¶ 3} A pretrial was held on December 5, 2005 at which time the court denied a Motion to Dismiss previously filed by Kuzniak which claimed that Arrow was not cooperating with her. The trial court then set the case for trial on April 3, 2006 and set a discovery deadline of February 3, 2006.
 {¶ 4} On December 7, 2005, Arrow filed a Motion to Deem Facts as Admitted with the magistrate claiming that it had not yet received discovery responses from Kuzniak. On January 4, 2005, Kuzniak filed a motion with the magistrate claiming that she had yet to receive a copy of the motion to admit facts. She further argued that she had sent her responses to Arrow's discovery requests in the same envelope with two other documents that had been utilized by Arrow and included copies of these notarized responses. On January 30, 2006, the magistrate conducted a "Hearing" upon the motions and ultimately granted Arrow's Motion for Facts to be Deemed as Admitted and refusing to rule upon Kuzniak's "Responsive Motion."
 {¶ 5} On February 10, 2006, Kuzniak filed objections to the magistrate's decision claiming that she never received Arrow's Motion to Deem Facts as Admitted along with *Page 3 
her sworn affidavit. On February 13, 2006, Kuzniak additionally filed "Notice of Compliance" which again contained copies of her notarized responses to discovery and an affidavit swearing that she timely filed those responses back to Arrow. On February 14, 2006, the trial court adopted the decision of the magistrate. On February 23, 2006, Kuzniak moved for Findings of Fact and Conclusions of Law. However, the trial court denied that motion claiming Kuzniak was not entitled to them as no final appealable order had been issued in the case. On March 31, 2006, Arrow moved for summary judgment based upon the facts which were deemed admitted by the trial court. On May 22, 2006, the magistrate granted summary judgment in favor of Arrow. Kuzniak again filed objections to the magistrate's decision. Finally, on July 7, 2006, the trial court adopted the magistrate's grant of summary judgment.
 {¶ 6} As her first assignment of error, Kuzniak claims:
 {¶ 7} "The magistrate and judge erred as a matter of law by not allowing discovery to be received."
 {¶ 8} With this assignment, Kuzniak maintains that Arrow violated Civ. R. 26 by failing to produce responses to her discovery requests. "A party generally may not be sanctioned for discovery violations unless he or she has failed to comply with a court order compelling him or her to provide the requested discovery. Civ. R. 37(B)(2)." Lowe v. UniversityHospitals of Cleveland (Aug. 8, 2002), 8th Dist. No. 80341 at 3.
 {¶ 9} Here, Kuzniak failed to file a motion to compel discovery pursuant to Civ. R. 37. The comments following Civ. R. 37 state:
 {¶ 10} "Rule 37 is the discovery sanction rule. It provides for sanctions against parties or persons unjustifiably seeking or resisting discovery. Rule 37 is a restatement of one of the basic tenets of the discovery rules. The party who feels aggrieved or who wants discovery must take affirmative action. There is no automatic compulsion upon those who do not comply with discovery requests or who resist discovery."
 {¶ 11} Because Kuzniak failed to file a motion to compel discovery, she cannot now ask for relief from this Court when she had the opportunity to do so in the trial court. Accordingly, Kuzniak's first assignment of error is meritless. *Page 4 
 {¶ 12} As her second assignment of error, Kuzniak states:
 {¶ 13} "The Magistrate and Judge erred as a matter of law by allowing an ex-parte communication in the process."
 {¶ 14} The basis for this assignment of error was the Motion to Deem Facts as Admitted filed by Arrow which Kuzniak is now claiming was an ex parte communication. It appears that Kuzniak has improperly couched what has occurred as an ex parte communication. But the merit argument that she makes is that even though the document contains a certificate of service and presumably it was mailed to her, she did not receive actual service of the motion and therefore was unable to defend. Furthermore, it appears that Kuzniak may have actually properly and timely complied with the discovery requests.
 {¶ 15} Significantly, prior to the magistrate ruling upon the Motion to Deem Facts as Admitted, Kuzniak filed a motion with the magistrate dated January 4, 2006. This motion claimed that Kuzniak was informed by Arrow's counsel that they would be filing a Motion to Deem Facts Admitted, but she had yet to receive it. Kuzniak further argues in her motion that when she sent her responses to Arrow, they were placed in the same envelope as a letter that was subsequently used by Arrow as an exhibit, along with her discovery requests for Arrow. Kuzniak maintained that it would be impossible for Arrow to have received and utilized two documents from the envelope without also receiving the third document, which were her responses to discovery.
 {¶ 16} Nevertheless, the magistrate ruled on Arrow's Motion to Deem Facts Admitted without prior notice to either party. In its entry, the Magistrate concludes:
 {¶ 17} "Subsequent to the pretrial, there had been a flurry of motions filed in this matter by both parties. Specifically, the Plaintiff filed a Motion to Deem Facts As Admitted on December 7, 2005. This motion deals with prior requests for admission served upon the Defendant on or about November 4, 2005. Such motion alleges that the Defendant had thirty days within which to respond and failed to do so and therefore moves that the facts within such requests be admitted. The magistrate notes that a copy of the Request for Admissions is attached to such motion and that the defendant has not filed any *Page 5 
response in opposition to such motion. Accordingly, pursuant to Rule 26 of the Ohio Rules of Civil Procedure, matters specified within such admissions are deemed admitted."
 {¶ 18} Pursuant to Civ. R. 53, within 14 days of the filing of a magistrate's decision, a party may file written objections to that decision. Civ. R. 53(E)(3)(a). If any party timely files written objections, any other party may file objections within 10 days after the first objections are filed. Id. An objection "to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Civ. R. 53(E)(3)(b). A trial court must rule on any objections and "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ. R. 53(E)(4)(b). The magistrate's decision is effective when adopted by the court. Civ. R. 53(E)(4)(a).
 {¶ 19} When Kuzniak learned of the magistrate's ruling against her, she timely filed objections with the trial court claiming that, not only did she not receive notice of the Motion to Deem Facts Admitted, but also that that motion was improvidently granted. In support of that claim, Kuzniak presented the trial court with a copy of her responses to discovery which were properly notarized and allegedly timely sent back to Arrow. These claims were also supported by her sworn affidavit which was also provided to the trial court.
 {¶ 20} Regardless of the fact that Kuzniak claims she did not receive service of the Motion to Deem Facts as Admitted, in addition to her sworn affidavit that she did in fact respond to and timely return all of Arrow's discovery requests, the trial court still adopted the magistrate's ruling which deemed all facts admitted.
 {¶ 21} "A trial court's decision to adopt, reject or modify a magistrate's report and recommendation, or to hold further hearings, will be reversed on appeal only for an abuse of discretion. Wade v.Wade (1996), 113 Ohio App.3d 414, 419, 680 N.E.2d 1305. An abuse of discretion, `connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.' Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140." Conti v. Christoff, 7th Dist. Nos. 99 CA *Page 6 
84 and 99 CA 327, 2001-Ohio-3421, at ¶ 22.
 {¶ 22} Here, the trial court abused its discretion by allowing the facts to be deemed as admitted given the unique circumstances of this case. For example, even when a trial court has already deemed facts to have been admitted, pursuant to Civ. R. 36(B), a trial court, upon motion, may permit the withdrawal or amendment of a Civ. R. 36(A) admission when presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Balson v. Dodds (Ohio 1980) 62 Ohio St.2d 287, 405 N.E.2d 293, 16 O.O.3d 329.
 {¶ 23} In the present case, the facts technically had not yet been deemed admitted as the ruling was made by a magistrate, not a trial court. Thus, the burden placed on Kuzniak should be less than what is required by Civ. R. 36(B). Nevertheless, the trial court deemed the facts admitted despite the possible denial of Kuzniak's right to due process and despite the fact that she may have actually been in compliance with Arrow's discovery request. It is puzzling why the trial court did not request an evidentiary hearing on the matter considering the fact that a hearing was not held before the magistrate, especially when the facts regarding the motion were contested by Kuzniak. This is particularly troubling considering that summary judgment was granted solely upon the facts that were deemed admitted.
 {¶ 24} It is "a basic tenet of Ohio jurisprudence that cases should be decided on their merits." Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 3,454 N.E.2d 951. Accordingly, Kuzniak's second assignment of error is meritorious. The trial court's granting of summary judgment is reversed and this case is remanded to be decided upon its merits.
 {¶ 25} As her third and final assignment of error, Kuzniak claims:
 {¶ 26} "The Magistrate and Judge erred as a matter of law by allowing summary judgment of the issues without leave of the court."
 {¶ 27} This assignment of error is rendered moot due to the resolution of Kuzniak's second assignment of error.
 {¶ 28} Accordingly, the judgment of the trial court is reversed and this case is *Page 7 
remanded for further proceedings according to law and consistent with this Court's opinion.
 Donofrio, J. and Vukovich, J., concurs. *Page 1