[Cite as *McNeilan v. Ohio State Univ.*, 2010-Ohio-1774.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RANDALL L. MCNEILAN, Exec.

    Plaintiff

    v.

OHIO STATE UNIVERSITY MEDICAL CENTER

    Defendant
    Case No. 2006-07449

Judge Alan C. Travis
Magistrate Lewis F. Pettigrew

DECISION


{¶ 1} On November 23, 2009, the magistrate issued a decision recommending judgment for defendant.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Plaintiff timely filed his objections, and on January 25, 2010, defendant filed a response.

{¶ 3} Plaintiff brought this action on behalf of the estate of the decedent, Harley Nutt, alleging wrongful death. Plaintiff alleged that Mr. Nutt died as a result of peritonitis on January 31, 2004, several days after Dr. Robert Michler performed heart bypass and

aortic valve replacement surgery at defendant's hospital, The Ohio State University Medical Center (OSUMC). During surgery Mr. Nutt experienced impaired blood flow (ischemia) to an area of the small intestine which impairment was undetectable prior to his discharge. After Mr. Nutt was discharged from OSUMC, the ischemic injury to the bowel wall resulted in perforation and leakage of bowel contents into the abdominal cavity. Mr. Nutt died on January 31, 2004, either during transport back to or upon arrival at OSUMC.

{¶ 4} Plaintiff's expert, Dr. Balke, opined that the quality of Dr. Michler's care and treatment of Mr. Nutt fell below the accepted standard of care when he elected to discharge Mr. Nutt only three days after the surgery. In addition, Dr. Balke testified that Dr. Michler was negligent in that he both failed to properly respond to the decedent's complaints of persistent vomiting after he was discharged and failed to recognize signs of an abdominal infection. According to Dr. Balke, had Mr. Nutt remained in the hospital for a longer period of time postoperatively, he would have had a better than 50 percent chance of survival because the ischemic injury would have been identified early on and appropriate treatment instituted.

{¶ 5} Based upon the testimony and evidence presented, the magistrate found that Dr. Michler's care and treatment of plaintiff's decedent met the applicable standard of care. Specifically, the magistrate determined that the evidence supported the finding that Mr. Nutt's vital signs, oxygen saturation levels, ability to ambulate, and his bowel and bladder functions met the criteria for discharge on January 26, 2004, particularly when such criteria are analyzed in the context of Mr. Nutt's pre-existing medical conditions. The magistrate also found that the timing of his discharge from the hospital after surgery was not a substantial factor in bringing about Mr. Nutt's demise. Finally, the magistrate determined that Dr. Michler's care of Mr. Nutt after he was discharged from the hospital did not fall below the standard of care.

{¶ 6} Plaintiff asserts several objections to the magistrate's decision. The court is required to independently review the objections "to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." *Chan v.*

*Tasr*, Hamilton App. No. C-070275, 2008-Ohio-1439 ¶8.  Civ.R. 53 (D)(3)(b)(iii) states that objections to factual findings by a magistrate "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding * * *."  Although plaintiff did not file a transcript to support the objections, defendant filed a complete copy of the trial transcript.

{¶ 7}  Plaintiff's first, second, third, and fourth objections generally reiterate the arguments that were considered and rejected by the magistrate.  Plaintiff argues that the magistrate should have given more weight to plaintiff's expert's opinion in that such opinion was supported by the medical information recorded in Mr. Nutt's chart.  However, the court notes that all of the experts who testified offered their opinions based upon the information contained in the medical records; each merely interpreted the significance of the particular readings and notations as they applied to Mr. Nutt.  Dr. Michler explained, quite credibly, that the values recorded for Mr. Nutt were satisfactory for his postoperative progress, especially in light of his pre-existing medical conditions which included recurring head and neck cancer and a history of cigarette smoking.

{¶ 8}  Based upon their review of the notes made by the health-care providers who visited Mr. Nutt every day during the week after discharge, defendant's experts opined that Dr. Michler met the standard of care with regard to Mr. Nutt's treatment, especially in response to his complaints of nausea and vomiting.  The magistrate specifically determined that the testimony of Drs. Murphy and Nussbaum was more persuasive than the opinions offered by Dr. Balke.  Dr. Balke conceded that he could not state with certainty when the perforation occurred.  In contrast, Drs. Michler, Nussbaum, and Murphy testified that perforation of the bowel is a sudden and catastrophic event manifested by extreme pain, abdominal rigidity, and loss of bowel sounds.  Thus, they opined that Mr. Nutt's bowel perforation most likely occurred on January 30 or 31, within hours before he died.  Upon review of the transcript, the court finds that plaintiff's first four objections are not supported by the record and are therefore, OVERRULED.

{¶ 9}   Plaintiff's fifth objection reiterates the arguments raised in support of the first and second objections.  Plaintiff's sixth objection references the arguments raised in plaintiff's fourth objection.  For the same reasons as above, plaintiff's fifth and sixth objections are OVERRULED.

{¶ 10} In the seventh, eighth, tenth,[1] eleventh, and twelfth objections, plaintiff seeks to have the magistrate issue specific findings of fact and conclusions of law.

{¶ 11} Civ. R. 53(D)(3)(a)(ii) states, in part, that "a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law.  A request for findings of fact and conclusions of law shall be made before the entry of a magistrate's decision or within *seven days* after the filing of a magistrate's decision."  (Emphasis added.)  Thus, the court finds that plaintiff's request is not timely.

{¶ 12} Moreover, the purpose of the rule requiring the court to issue separate findings of fact and conclusions of law is to appraise the parties of the grounds for the decision and to inform the reviewing court of the reasons for the decision.  The test of their adequacy is whether they are sufficiently comprehensive and pertinent to the issue to form a basis for the decision.  See *Strah v. Lake County Humane Society* (1993), 90 Ohio App.3d 822, 836; *Domestic Linen Supply & Laundry Co. v. Kenwood Dealer Group Inc.*, (1996), 109 Ohio App.3d 312.  See also 5A Moore, Federal Practice (2 Ed. 1990) 52-142, Section 52.061.

{¶ 13} The magistrate issued an eight-page decision in this case that included both factual findings and conclusions of law.  Although the findings and conclusion are not separately set out in the decision, the decision contains sufficient detail to allow plaintiff to frame her objections and for the court to independently review those objections.  Under the circumstances, requiring the magistrate to issue separate findings of fact and conclusions of law would serve no useful purpose.  Accordingly, objections 7, 8, 10, 11, and 12 are OVERRULED.

---

[1]Plaintiff failed to identify a ninth objection.

{¶ 14} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court shall adopt the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RANDALL L. MCNEILAN, Exec.

     Plaintiff

     v.

OHIO STATE UNIVERSITY MEDICAL CENTER

     Defendant
     Case No. 2006-07449

Judge Alan C. Travis
Magistrate Lewis F. Pettigrew

JUDGMENT ENTRY

Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the

magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Leigh-Ann M. Sims
6734 Royal Plume Drive
Dublin, Ohio 43016

Timothy T. Tullis
Traci A. McGuire
Special Counsel to Attorney General
Capitol Square Office Building
65 East State Street, Suite 1800
Columbus, Ohio 43215-4294

SJM/cmd
Filed April 16, 2010
To S.C. reporter April 21, 2010