[Cite as *D.R. v. J.R.*, 2013-Ohio-2987.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

D.R.

     Appellee

v.

J.R.

     Appellant

C.A. No.     26743

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR-2011-10-3021

DECISION AND JOURNAL ENTRY

Dated: July 10, 2013

---

CARR, Judge.

{¶1} Appellant, J.R., appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses.

I.

{¶2} On October 12, 2011, D.R. petitioned the Summit County Domestic Relations Court for a civil protection order. At the time D.R. filed her petition, D.R. and J.R. were in the processes of getting divorced. The trial court promptly denied the petition for a temporary protection order, but set the matter for a full hearing on October 25, 2011. J.R. appeared at the hearing before the magistrate with counsel, and D.R. appeared pro se. At the close of the evidence, the magistrate took the matter under advisement.

{¶3} On October 28, 2011, the trial court issued a magistrate's decision finding that D.R. was entitled to a civil protection order against J.R. The trial court adopted and approved the magistrate's decision the same day. On November 7, 2011, counsel for J.R. filed objections

to the magistrate's decision, and filed a praecipe for the court reporter to prepare a transcript. J.R. further requested leave to file supplemental objections after the filing of the transcript. On June 26, 2012, the court reporter filed a transcript of proceedings. Subsequently, on July 6, 2012, counsel for J.R. filed supplemental objections to the magistrate's decision.

{¶4} On December 6, 2012, the trial court issued a journal entry dismissing the objections as moot. On January 2, 2013, J.R. filed a notice of appeal.

{¶5} On appeal, J.R. raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FINDING APPELLANT'S OBJECTIONS TO THE DECISION OF THE MAGISTRATE MOOT.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO TIMELY REVIEW APPELLANT'S OBJECTIONS DEPRIVING HIM OF HIS RIGHT TO DUE PROCESS.

{¶6} In his first and second assignments of error, J.R. contends that the trial court erred by failing to timely rule on his objections to the magistrate's decision, and then subsequently finding the objections moot. This Court agrees.

{¶7} Civ.R. 53(D)(4)(d), which pertains to action on objections to a magistrate's decision, states:

> If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

**{¶8}** "Apart from requiring a trial court to enter its own judgment on a magistrate's decision, Civ.R. 53 also requires a court to dispose of any timely filed objections." *Lorain Medina Rural Elec. v. GLW Broadband, Inc.*, 9th Dist. Lorain No. 08CA009432, 2009-Ohio-1135, ¶ 7. This Court has "literally interpreted" the language of Civ.R. 53(D)(4)(d) to require a trial court to "explicitly overrule or sustain any timely filed objections." *Schueler v. Schubert*, 9th Dist. Summit No. 25192, 2010-Ohio-6495, ¶ 8, citing *In re Strickler*, 9th Dist. Lorain Nos. 08CA009375, 08CA009393, 2008-Ohio-5813, ¶ 10. Thus, the trial court has a "'mandatory' duty to review and rule on objections." *Chan v. TASR, Total Abatement Specialist & Remodelers*, 1st Dist. Hamilton No. C-070275, 2008-Ohio-1439, ¶ 9, citing *Zwahlen v. Brown*, 1st Dist. Hamilton No. C-070263, 2008-Ohio-151, ¶ 20.

**{¶9}** Here, the trial court erred by dismissing J.R.'s objections as moot. On October 28, 2011, the trial court issued its magistrate's decision, instituting a protection order against J.R. until October 25, 2012. The magistrate's decision was simultaneously approved and adopted by the trial court judge. After the magistrate's decision was journalized, J.R. promptly filed objections on November 7, 2011. After the court reporter filed the hearing transcript on June 26, 2012, J.R. supplemented his objections on July 6, 2012. Five months later, on December 6, 2012, the trial court issued a journal entry dismissing the objections as moot. Specifically, the trial court stated, "Pursuant to local rule, the filing of these objections do[es] not stay the implementation of the [protection] order. As the order has since expired, the objections are hereby dismissed as moot." It was improper for the trial court to conclude that J.R.'s outstanding objections to the magistrate's decision were moot. Due to the possibility that adverse collateral consequences may occur, the expiration of a civil protection order does not render an error in the imposition of that order moot. *Wilder v. Perna*, 174 Ohio App.3d 586, 2007-Ohio-6635, ¶ 16

(8th Dist.). The collateral consequences can include, but are not limited to, the effect on one's credit rating, the ability to drive certain vehicles, the ability to obtain a weapons permit, and the ability to obtain employment. *Cauwenbergh v. Cauwenbergh*, 11th Dist. Ashtabula No. 2006-A-0008, 2007-Ohio-1070, ¶ 18. Thus, while the protection order has already expired in this case, this matter must be remanded to the trial court for a determination of whether, in light of J.R.'s objections, the protection order was properly granted in the first instance.

{¶10} J.R.'s first and second assignments of error are sustained.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY FAILING TO SERVE APPELLANT'S COUNSEL WITH THE DECISION DEPRIVING HIM OF HIS RIGHT TO DUE PROCESS.

{¶11} In his third assignment of error, J.R. argues that the trial court erred in failing to serve trial counsel with the magistrate's decision. Because our resolution of the first and second assignments of error is dispositive of this appeal, this Court declines to address the J.R.'s first assignment of error as it is rendered moot. *See* App.R. 12(A)(1)(c).

III.

{¶12} J.R.'s first and second assignments of error are sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ALEXANDER R. FOLK, Attorney at Law, for Appellant.

D.R., pro se, Appellee.