[Cite as *E.G. v. Ergh*, 2014-Ohio-1332.]

STATE OF OHIO        )                 IN THE COURT OF APPEALS
                         )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

E. G.

      Appellee

      v.

MICHAEL ERGH

      Appellant

C.A. No.     13CA010393

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12DV076275

DECISION AND JOURNAL ENTRY

Dated: March 31, 2014

---

CARR, Judge.

{¶1}   Appellant Michael Ergh appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court dismisses the appeal as moot.

I.

{¶2}   E.G. filed a petition for a domestic violence civil protection order against Ergh. The domestic relations court issued an ex parte order and scheduled the matter for a full hearing. After a full hearing, the magistrate issued a decision denying E.G.'s petition. The trial court adopted the magistrate's decision the same day. E.G. filed timely objections to the magistrate's decision.

{¶3}   The domestic relations court held a hearing on E.G.'s objections and subsequently vacated the magistrate's prior decision. The trial court granted E.G.'s petition for a domestic violence civil protection order, which was to remain in effect until December 19, 2013.

**{¶4}** Ergh filed a motion to vacate the civil protection order pursuant to Civ.R. 60(B). The domestic relations court denied Ergh's motion to vacate and ordered that the previously issued civil protection order would remain in effect. Ergh filed a timely appeal with this Court the same day. He did not file a motion to stay the trial court's judgment.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO SUSTAIN THE MAGISTRATE'S DECISION OF DECEMBER 19, 2012 WHICH WAS ADOPTED BY [THE TRIAL COURT] JUDGE [] ON DECEMBER 19, 2012 AND FURTHER ABUSED ITS DISCRETION BY ALLOWING THE PETITIONER TO GO FORWARD WITH A HEARING WHEN SHE DID NOT COMPLY WITH THE RULE REQUIREMENTS.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT'S DECISION TO UPHOLD PETITIONER'S PETITION FOR A DOMESTIC VIOLENCE CIVIL PROTECTION ORDER WAS AN ERROR OF LAW PURSUANT TO CIV.R. 53 AND CIV.R. 65.1.

**{¶5}** Ergh argues that the domestic relations court erred by sustaining E.G.'s objections, vacating the magistrate's decision that denied E.G.'s petition for a domestic violence civil protection order, and issuing a civil protection order. This Court declines to address his arguments as they have been rendered moot.

**{¶6}** The protection order expired on December 19, 2013. At oral argument, Ergh conceded that he never moved for a stay and, furthermore, that the issues he raised on appeal were now moot.

> "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970). No actual controversy exists in a case when an outside event occurs, not

> the fault of a party, that precludes the court from granting relief that is of any practical benefit to a party. *Miner v. Witt*, 82 Ohio St. 237 (1910), syllabus. Such a case is moot and will be dismissed unless the court decides to hear it anyway based on an exception. *See State ex rel. Beacon Journal Publishing Co. v. Donaldson*, 63 Ohio St.3d 173, 175 (1992).

*Jagow v. Weinstein*, 2d Dist. Montgomery No. 24309, 2011-Ohio-2683, ¶ 7.

**{¶7}** This Court previously recognized that the expiration of a civil protection order did not render moot the errors assigned to the imposition of the order where the possibility of collateral consequences existed. *D.R. v. J.R.*, 9th Dist. Summit No. 26743, 2013-Ohio-2987, ¶ 9. Accordingly, we would generally address the issues raised on appeal notwithstanding the expiration of the civil protection order. However, in this case, Ergh asserted at oral argument that he was not subject to any collateral consequences as a result of the order. Moreover, he expressly conceded on multiple occasions that this appeal was moot. Under those circumstances, our substantive disposition of the issues raised would constitute a mere advisory opinion. This Court declines to issue such an opinion. Accordingly, we dismiss Ergh's appeal as moot.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

MICHAEL J. TONY, Attorney at Law, for Appellant.

JOAN JACOBS THOMAS, Attorney at Law, for Appellee.