[Cite as *State v. Wheeler*, 2014-Ohio-3315.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 27157 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARK S. WHEELER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 13 01 0113 |

DECISION AND JOURNAL ENTRY

Dated: July 30, 2014

HENSAL, Judge.

{¶1} Mark Wheeler appeals a judgment entry of the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} In 1995, Mr. Wheeler pleaded guilty to attempted rape, and the trial court sentenced him to six to fifteen years imprisonment. In 2000, the trial court returned Mr. Wheeler to court so that it could label him as a sexual predator under Megan's Law, which had been enacted in the interim. He was later released from prison.

{¶3} In 2013, the Grand Jury indicted Mr. Wheeler for two counts of failing to provide notice of a change of address, in violation of Revised Code Section 2950.05. Mr. Wheeler moved to dismiss the indictment, arguing that it had been unconstitutional for the trial court to classify him as a sexual predator after he was already sentenced. When the trial court denied his motion, Mr. Wheeler pleaded no contest to the offenses. The court found him guilty, and

sentenced him to four years in prison. Mr. Wheeler appeals, assigning four errors, which this Court has combined and reordered for ease of consideration.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN REFUSING TO DISMISS THE INDICTMENTS AS VIOLATIONS OF THE PROHIBITION AGAINST EX POST FACTO LAWS AS APPELLANT WAS RETROACTIVELY CLASSIFIED AS A SEXUAL PREDATOR.

ASSIGNMENT OF ERROR III

APPELLANT'S CONVICTIONS AND SENTENCES ARE VIOLATIVE OF THE DOUBLE JEOPARDY CLAUSES OF THE CONSTITUTIONS OF OHIO AND THE UNITED STATES BECAUSE THEY ARE PREDICATED ON A PREVIOUS TRIAL COURT ORDERING HIM BACK FROM PRISON TO AMEND HIS SENTENCE WHEN OHIO'S SEXUAL REGISTRATION LAW WAS CHANGED BY THE LEGISLATURE.

ASSIGNMENT OF ERROR IV

THE INSTANT CONVICTIONS ARE VOID AS A MATTER OF LAW BECAUSE THEY ARE BASED ON A VOID CLASSIFICATION IMPOSED FOUR YEARS AFTER THE DATE OF SENTENCING IN THE 1995 CASE.

{¶4} Mr. Wheeler argues that the Grand Jury could not indict him for failing to provide notice of his change of address because the trial court had no right to impose that obligation on him by designating him a sexual predator after it had already sentenced him. He also argues that the trial court's retroactive designation of him as a sexual predator violated the Double Jeopardy Clause. He further argues that the trial court had no authority to return him for resentencing several years after his conviction became final.

{¶5} The parties agree that, at the time of his conviction, Mr. Wheeler was not subject to any registration requirements. The General Assembly later enacted Megan's Law, which created new registration requirements for sex offenders. The trial court, subsequently,

categorized Mr. Wheeler as a sexual predator under Megan's Law and retroactively imposed its registration requirements on him.

{¶6} Mr. Wheeler argues that the Ohio Supreme Court held in *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, that Ohio's sex offender classification system is punitive in nature and, therefore, cannot be applied retroactively. In *Raber*, however, the Supreme Court was only considering changes that the General Assembly made to the sex-offender registration system through the Adam Walsh Act ("AWA"), which was enacted several years after Megan's Law. *Id*. at ¶ 2. The Court held that the classification system that the AWA put into place was punitive in nature. Accordingly, it violates the Double Jeopardy Clause and the constitutional prohibition on retroactive laws for a court to impose the AWA's requirements on an offender who committed the crime before its enactment. *Id*. at ¶ 26; *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 22.

{¶7} Although the Supreme Court determined in *Raber* that an offender may not be classified under the AWA retroactively, it said nothing about the retroactive application of Megan's Law, which was the law in effect when the trial court designated Mr. Wheeler a sexual predator. Prior to *Raber*, the Ohio Supreme Court held in *State v. Williams*, 88 Ohio St.3d 513, 528 (2000), and *State v. Cook*, 83 Ohio St.3d 404, 413 (1998), that, since Megan's Law is civil and remedial, it may be applied retroactively without violating the Double Jeopardy Clause or prohibition on retroactive laws. Unless the Supreme Court overrules those decisions regarding Megan's Law, this Court is bound to follow them. *State v. Dickens*, 9th Dist. Lorain No. 07CA009218, 2008-Ohio-4404, ¶ 25.

{¶8} In 2000, the trial court designated Mr. Wheeler as a sexual predator under Megan's Law. There is nothing in the record to suggest that he was ever reclassified under the

system put into effect by the AWA. We, therefore, conclude that the trial court correctly determined that Mr. Wheeler could be prosecuted for violating the registration requirements that were imposed on him under Megan's Law, even though they were imposed on him retroactively. Mr. Wheeler's second and third assignments of error are overruled.

{¶9} We also reject Mr. Wheeler's argument that the trial court did not have authority to return him to court several years after his conviction became final in order to classify him under Megan's Law. Under Megan's Law, the trial court was required to determine whether an offender should be adjudicated a sexual predator if the department of rehabilitation and correction recommended that designation. *State v. Brewer*, 86 Ohio St.3d 160, 164 (1999); R.C. 2950.09(C) (2000). This Court has recognized that a sex-offender-classification proceeding under Megan's Law is civil in nature and "distinct from the proceedings governing a defendant's underlying criminal conviction and sentence." *State v. Williams*, 177 Ohio App.3d 865, 2008-Ohio-3586, ¶ 10 (9th Dist.), citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, syllabus; *see also Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636 at ¶ 12 (describing Megan's Law as "a civil, remedial law[.]"). Accordingly, the court did not improperly reopen Mr. Wheeler's final criminal judgment when it designated him as a sexual predator under Megan's Law. Mr. Wheeler's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR I

A PROSECUTOR HAS NO AUTHORITY TO OBJECT TO A NO CONTEST
PLEA.

{¶10} Mr. Wheeler also argues that the prosecutor improperly objected when he indicated that he was going to enter a no-contest plea. The trial court accepted Mr. Wheeler's plea despite the objection. Mr. Wheeler, therefore, has not demonstrated that he was prejudiced by the prosecutor's act. *See State v. Carter*, 89 Ohio St.3d 593, 603 (2000) ("The test for

prosecutorial misconduct is whether the remarks are improper and, if so, whether they prejudicially affected substantial rights of the accused."). We decline to clarify the issue Mr. Wheeler requests, as it would constitute an advisory opinion. *See E.G. v. Ergh*, 9th Dist. Lorain No. 13CA010393, 2014-Ohio-1332, ¶ 7; *State ex rel. Louthan v. Akron*, 9th Dist. Summit No. 23351, 2007-Ohio-241, ¶ 8. Mr. Wheeler's first assignment of error is overruled.

III.

**{¶11}** Mr. Wheeler's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

—

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.