[Cite as *State v. Wheeler*, 2016-Ohio-1069.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27841 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARK STEVEN WHEELER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2015 03 0902 |

DECISION AND JOURNAL ENTRY

Dated: March 16, 2016

WHITMORE, Presiding Judge.

{¶1} Appellant, Mark S. Wheeler, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} Wheeler was convicted of attempted rape in 1996. In 2000, while he was still serving his prison sentence, the trial court held a hearing and determined that Wheeler was a sexual predator under Megan's Law.

{¶3} In 2013, Wheeler was charged with two counts of failing to provide notice of a change of address, in violation of R.C. 2950.05. Wheeler moved to dismiss arguing that he was unconstitutionally classified as a sexual predator. After his motion was denied, Wheeler pled no contest and appealed to this Court. This Court affirmed the trial court finding, "Wheeler could be prosecuted for violating the registration requirements that were imposed on him under

Megan's Law, even though they were imposed on him retroactively." *State v. Wheeler*, 9th Dist. Summit No. 27157, 2014-Ohio-3315, ¶ 8 ("*Wheeler I*").

{¶4} In 2015, Wheeler was indicted for (1) failing to provide notice of a change of address and (2) failing to verify current address, in violation of R.C. 2950.05 and 2950.06 respectively. Both charges are third-degree felonies. Defendant pled not guilty and moved to dismiss the indictments.

{¶5} Wheeler argued that, at the time of his conviction, the only sex offender classification in Ohio was that of habitual sex offender, which did not apply to him as he had just the one conviction. He further contended that his subsequent classification violated the United States and the Ohio Constitutions' prohibitions on ex post facto laws and double jeopardy. The trial court noted that this Court had previously addressed these arguments in *Wheeler I*. The trial court denied the motion to dismiss "[f]or the reasons stated in that decision."

{¶6} Thereafter, Wheeler pled no contest, and the trial court found him guilty as charged. The court sentenced Wheeler to 36 months in prison on each of the charges. The court ordered those sentences to run concurrent with each other and concurrent with a four-year sentence imposed in case number CR 2013 01 0113.

{¶7} Wheeler appeals raising two assignments of error for review.

Assignment of Error Number One

APPELLANT'S INDICTMENT VIOLATES OHIO LAW AS DOUBLE JEOPARDY AND APPLICATION OF A LAW EX POST FACTO AGAINST HIM.

{¶8} In his first assignment of error, Wheeler argues that Ohio's sex offender laws, as applied to him, violate constitutional prohibitions on ex post facto laws and double jeopardy. The State contends that Wheeler "rehashes issues settled" in *Wheeler I*. We agree with the State.

{¶9} On appeal from a no contest plea, a defendant may assert that the trial court prejudicially erred in a ruling on a pretrial motion. Crim.R. 12(I). In the present case, Wheeler filed a pretrial motion to dismiss arguing that Ohio's sex offender registration statutes could not be applied retroactively to him under *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374 and *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636. After that motion was denied, he pled no contest preserving his right to appeal these issues to this Court.

{¶10} In *Williams*, the Ohio Supreme Court found that, following the passage of the Adam Walsh Act, R.C. Chapter 2950 is now punitive. 2011-Ohio-3374 at ¶ 16 (noting dramatic and marked changes to the statutory scheme). Consequently, the Court held that it violated the Ohio Constitution's prohibition on retroactive laws when applied to defendants who committed offenses prior to its enactment. *Id*. at syllabus. In *Raber*, the Court again analyzed the Adam Walsh Act and found "because sex-offender registration is *now* punitive in nature, double-jeopardy protections barred the court from subsequently classifying [defendant] as a * * * sex offender at a new proceeding held more than a year after its original sentence." (Emphasis added.) 2012-Ohio-5636 at ¶ 4. The Court acknowledged its earlier cases finding that Megan's Law was civil and remedial, but reiterated that changes made by the Adam Walsh Act were punitive. *Id*. at ¶ 22-23.

{¶11} Megan's Law became effective in Ohio in 1997 and was amended in 2003. The Adam Walsh Act became effective in 2008. Wheeler was convicted in 1996 and classified under Megan's Law in 2000. There is no indication that Wheeler was ever reclassified under the Adam Walsh Act. We find, as we did in *Wheeler I*, that the case law interpreting Megan's Law, not the Adam Walsh Act, is applicable to Wheeler.

4

{¶12} In *Wheeler I*, we noted differences in the Ohio Supreme Court's treatment of Megan's Law and the Adam Walsh Act. 2014-Ohio-3315 at ¶ 6-7. We explained:

> Prior to *Raber*, the Ohio Supreme Court held in *State v. Williams*, 88 Ohio St.3d 513, 528 (2000), and *State v. Cook*, 83 Ohio St.3d 404, 413 (1998), that, since Megan's Law is civil and remedial, it may be applied retroactively without violating the Double Jeopardy Clause or prohibition on retroactive laws. Unless the Supreme Court overrules those decisions regarding Megan's Law, this Court is bound to follow them. *State v. Dickens*, 9th Dist. Lorain No. 07CA009218, 2008-Ohio-4404, ¶ 25.

*Id.* at ¶ 7. Wheeler has not pointed to any case law overruling *Williams*, 88 Ohio St.3d 513, or *Cook*, 83 Ohio St.3d 404, nor have we found any in our independent research.

{¶13} In his current appeal, Wheeler also references changes made to Megan's Law in 2003, including his inability to petition to have his classification removed. We did not explicitly address the 2003 amendments in *Wheeler I*. The Ohio Supreme Court, however, addressed the 2003 amendments in *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824. The Court found "the remedial nature of R.C. Chapter 2950 was not altered by the elimination of the provision that permitted a judge to remove the sexual-predator classification." *Id.* at ¶ 33. The Court concluded that the amended statute did not violate the retroactivity clause of the Ohio Constitution, nor was it unconstitutional on ex post facto grounds. *Id.* at ¶ 40, 43. Following this Ohio Supreme Court precedent, we reject Wheeler's argument that the "2003 amendments became punitive, rather than remedial."

{¶14} Wheeler's first assignment of error is overruled.

Assignment of Error Number Two

THE TRIAL COURT WAS IN ERROR IN SENTENCING APPELLANT TO FOUR YEARS IN HIS PRIOR CASE.

{¶15} In his second assignment of error, Wheeler argues that he was improperly sentenced in his earlier 2013 case. We are without jurisdiction to address the merits of this assignment of error.

{¶16} A notice of appeal shall designate the judgment or order appealed. App.R. 3(D). "An appellate court 'is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal.'" *State v. Chavers*, 9th Dist. Wayne No. 07CA0065, 2008-Ohio-3199, ¶ 14, quoting *State v. Dixon*, 9th Dist. Summit No. 21463, 2004-Ohio-1593, ¶ 7.

{¶17} Wheeler filed a notice of appeal in case number CR 2015 03 0902 and designated that he was appealing from the guilty verdict and sentence entered therein on May 18, 2015. Wheeler's notice of appeal does not designate any orders from his 2013 case.

{¶18} As Wheeler's second assignment of error concerns an order in a case that he did not appeal, we are without jurisdiction to review it.

III

{¶19} Wheeler's first assignment of error is overruled. We lack jurisdiction to address his second assignment of error. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
CELEBREZZE, J.
CONCUR.

(Celebrezze, J., of the Eighth District Court of Appeals, sitting by assignment.)

APPEARANCES:

RYAN RAMAGE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.