[Cite as *U.S. Bank, N.A. v. Schubert*, 2017-Ohio-7444.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| U.S. BANK NA | C.A. No.    15CA010814 |
| Appellants/Cross Appellees | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DENNIS M. SCHUBERT, et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees/Cross-Appellants | CASE No.    10 CV 170414 |

DECISION AND JOURNAL ENTRY

Dated: September 5, 2017

HENSAL, Presiding Judge.

{¶1} U.S. Bank, N.A. and Ocwen Loan Servicing, LLC have appealed a judgment of the Lorain County Court of Common Pleas that foreclosed on the property of Dennis and Sue Schubert. The Schuberts have cross-appealed the trial court's judgment. For the following reasons, this Court affirms.

I.

{¶2} In 2000, the Schuberts obtained a loan from Bank One that they secured with a mortgage of property they owned in Elyria. Shortly after obtaining the loan, Mr. Schubert lost his job, which led to the Schuberts declaring bankruptcy twice. During this period, the Schuberts fell behind in their loan payments. In 2004, Ocwen began servicing the loan, and the mortgage was transferred to U.S. Bank, as trustee for the registered holders of GSRPM 2004-1 mortgage pass-through certificates.

{¶3} In 2006, the Schuberts discovered there was something wrong with the accounting of the loan. Ocwen also sent the Schuberts a notice of default. Following additional communications, the Schuberts and Ocwen entered into a forbearance agreement. Despite the agreement, the trustee at the time filed a foreclosure action against the Schuberts. The court later dismissed the action in light of the forbearance agreement.

{¶4} Following the dismissal of the foreclosure action, the Schuberts sought to modify the terms of the note. In 2008, Ocwen entered into a loan modification agreement with the Schuberts, which reduced their monthly loan payments but added a balloon payment to the end of the loan's term. The Schuberts paid the new amount until June 2010, when they stopped making further payments. In December 2010, U.S. Bank filed a foreclosure action against the Schuberts. The Schuberts counterclaimed, alleging claims against U.S. Bank and Ocwen for breach of contract, violations of the Fair Debt Collection Practices Act (FDCPA), intentional infliction of emotional distress, negligence, gross negligence, violations of the Real Estate Settlement Procedures Act, mortgage services abuses, and breach of the covenant of good faith and fair dealing. Following a trial to the bench, the court found that the Schuberts defaulted on the note as modified and that U.S. Bank, as trustee, was entitled to foreclose on the mortgage. It denied the Schuberts' counterclaims. U.S. Bank has appealed the trial court's conclusion that the Schuberts' breach of contract claim was not subject to a three-year statute of limitations period under the Uniform Commercial Code (UCC). The Schuberts have cross-appealed, assigning five errors. For ease of consideration, we will address the cross-appeal first.

II.

CROSS-APPEAL ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN CONCLUDING AS A MATTER OF LAW
THAT THE CALCULATIONS FOR THE AMOUNT DUE UNDER THE NOTE

COMMENCED WITH THE EXECUTION OF THE LOAN MODIFICATION AGREEMENT.

**{¶5}** The Schuberts argue that the trial court erred when it calculated how much they owed on the note. They argue that U.S. Bank had the burden to show the amount due, which it could not in light of the history of accounting issues with the loan. They also argue that the court incorrectly looked at only the credits and debits that were made following the loan modification instead of over the life of the loan. According to the Schuberts, because of the accounting errors, the trial court's calculation is off by approximately $8,600.

**{¶6}** The trial court found that the Schuberts acknowledged being in default of the loan, as modified by the modification agreement, since June 2010. It found that the Schuberts did not present any evidence that rebutted the amount U.S. Bank argued was due on the modified loan and, therefore, found that the amount due was $202,845.90.

**{¶7}** The Schuberts' argument about the trial court's "amount due" finding appears to be a challenge to the weight of the evidence. When reviewing the manifest weight of the evidence in a civil case, this Court

> weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

*Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001).

**{¶8}** The loan modification agreement provided that the Schuberts had to make an initial down payment followed by two equal monthly payments. It called those payments the "Trial Period." It also provided that, at the end of the trial period, the principle balance of the loan would be $144,755.26. The Schuberts agreed to the terms and complied with the agreement

through the trial period. They have not contested the accounting of the loan from the time of the loan modification, only the payments they made from 2000 through 2006. Because those alleged discrepancies preceded their agreement in 2008 about the correct principal balance, and they were aware that there might be discrepancies in the accounting of their loan before entering into the modification agreement, we conclude that the trial court's finding as to the amount owed on the loan was not against the manifest weight of the evidence. The Schuberts' first assignment of error is overruled.

## CROSS-APPEAL ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN CONCLUDING AS A MATTER OF LAW THAT THE WAIVERS THE SCHUBERTS EXECUTED AND JUDICIAL ESTOPPEL OPERATED TO BAR THE SCHUBERTS' COUNTERCLAIMS AND ALSO BARRED THE SCHUBERTS' ABILITY TO CHALLENGE ANY ACCOUNTING PRIOR TO THE LOAN MODIFICATION AGREEMENT.

{¶9} The Schuberts next argue that the trial court incorrectly determined that they could not avoid the binding effect of the forbearance agreement they signed in 2007. The court determined that judicial estoppel prohibited the Schuberts from challenging the existence of the forbearance agreement because they relied on the agreement in obtaining a dismissal of the foreclosure action that was brought against them in 2007. The court also determined that the forbearance agreement was not unenforceable because U.S. Bank and Ocwen breached the agreement or breached the covenant of good faith and fair dealing. It further determined that, even if the agreement was not enforceable, the Schuberts had failed to demonstrate any damages. The trial court determined that, if the forbearance agreement and loan modification agreements were set aside, the Schuberts would owe even more under the terms of the loan.

{¶10} "The doctrine of judicial estoppel prohibits a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior

proceeding." *State ex rel. Motor Carrier Serv., Inc. v. Rankin*, 135 Ohio St.3d 395, 2013-Ohio-1505, ¶ 33. The record indicates that the Schuberts moved to dismiss the prior foreclosure action, arguing that, under the forbearance agreement, the former trustee had no right to go forward with the foreclosure of their residence. In light of the fact that the Schuberts argued in the prior action that the forbearance agreement was an enforceable contract, we conclude that the trial court did not err when it determined that the doctrine of judicial estoppel prohibited them from arguing that the forbearance agreement is not an enforceable contract in this action.

{¶11} The Schuberts also argue that the forbearance agreement is not enforceable because it was breached. They note that despite entering into the agreement, the trustee that preceded U.S. Bank filed a foreclosure action against them. The agreement provided that Ocwen would temporarily forebear enforcement of its rights under the note and mortgage. The agreement provided, however, that Ocwen would not be legally required to stop any foreclosure proceedings until it received the executed agreement and the down-payment funds that were specified in the agreement. Although the Schuberts contend that they returned an executed copy of the agreement to Ocwen before the prior foreclosure action began, they have not pointed to any evidence in the record that demonstrates that they made the necessary down-payment before the foreclosure action was filed. Accordingly, we conclude that the trial court did not err when it found that the Schuberts failed to prove their breach of contract claim.

{¶12} The Schuberts next argue that the trial court incorrectly denied their claim for breach of the covenant of good faith and fair dealing. They argue that the former trustee acted in bad faith when it commenced a foreclosure action before their deadline to submit a down-payment under the forbearance agreement expired. The trial court found that their claim could not stand by itself, but merged into their breach of contract claim. The court was correct that

"there is no separate tort claim for bad faith in an action for breach of contract." *Padula v. Wagner*, 9th Dist. Summit No. 27509, 2015-Ohio-2374, ¶ 53 (rejecting claim for breach of good faith and fair dealing).

{¶13} The Schuberts next argue that the court incorrectly determined that the loan modification agreement was not unenforceable because of mutual mistake of fact. "[Ohio] recognizes the doctrine of mutual mistake as a ground for the rescission of a contract under certain circumstances." *Reilley v. Richards*, 69 Ohio St.3d 352, 352 (1994). "A mistake is material to a contract when it is 'a mistake * * * as to a basic assumption on which the contract was made [that] has a material effect on the agreed exchange of performances.'" *Id*. at 353, quoting 1 Restatement of the Law 2d, Contracts, Mistake, Section 152(1) (1981). "[T]he intention of the parties must have been frustrated by the mutual mistake." *Id*. According to Comment (a) to the Restatement section, "[r]elief is only appropriate in situations where a mistake of both parties has such a material effect on the agreed exchange of performances as to upset the very basis of the contract." "The party alleging mutual mistake has the burden of proving its existence by clear and convincing evidence." *General Tire, Inc. v. Mehlfeldt*, 118 Ohio App.3d 109, 115 (9th Dist.1997).

{¶14} The trial court found that the Schuberts failed to meet their burden of proof. It found that there was no evidence that the parties were mistaken about the terms of the loan modification agreement. Noting that the Schuberts disputed the accounting of the loan before entering into the modification agreement, it concluded that the Schuberts should have resolved those issues before signing the agreement and could not use the doctrine of mutual mistake to negate the agreement afterwards. It also found that there was no evidence that the various accounting issues throughout the years would have prevented the parties from entering into the

agreement, noting that the Schuberts requested the modification so that they could reduce their monthly payments.

{¶15} Upon review of the record, we agree that, because the Schuberts were aware that there might be problems with the accounting of the loan before signing the loan modification agreement, they cannot use mutual mistake to rescind the agreement. In addition, to the extent that the parties incorrectly calculated the principal amount at the time of the modification agreement, the alleged error did not have such a material effect on the agreement as to upset its very basis. *See Reilley* at 353.

{¶16} The Schuberts further argue that the court incorrectly determined that Ocwen did not breach the terms of the original note in 2005. According to the Schuberts, because of Ocwen's breach, they were excused from further performance on the note until the breach was corrected, which never happened. They argue that, because they were under no obligation to pay the original loan at the time of the forbearance agreement or loan modification, those agreements were not supported by sufficient consideration.

{¶17} Whether the Schuberts subjectively believed they had no obligation to make payments on their loan at the time of the forbearance agreement, they agreed in that document that they had defaulted on the note and mortgage and that they were entering into the agreement to reduce their delinquency. The record, therefore, demonstrates that there was sufficient consideration for them to enter into that agreement. Regarding the loan modification agreement, the Schuberts do not dispute that they were seeking to reduce their monthly payments, which the modification accomplished. We, therefore, conclude that they had sufficient consideration to enter into the loan modification agreement. For all of the above reasons, the Schuberts' second assignment of error is overruled.

CROSS-APPEAL ASSIGNMENT OF ERROR III

**{¶18}** THE [TRIAL] COURT ERRED AS A MATTER OF LAW BY CONCLUDING THAT OCWEN WAS NOT AN AGENT OF US BANK, INSULATING US BANK FROM THE SCHUBERTS' COUNTERCLAIMS FOR OCWEN'S CONDUCT.

**{¶19}** The Schuberts next argue that the trial court incorrectly found that Ocwen was not the agent of U.S. Bank. It notes that U.S. Bank admitted that Ocwen was its attorney-in-fact, which by definition constitutes an agent. It contends that, because of the court's finding, U.S. Bank was not liable for any of Ocwen's misconduct.

**{¶20}** It is not necessary to analyze the merits of the Schuberts' argument because, even if they are correct, they have not demonstrated any harm. The trial court denied the Schuberts' counterclaims against Ocwen, concluding that they were not entitled to any damages. Accordingly, even if the trial court incorrectly found that Ocwen was not U.S. Bank's agent, it is not grounds for vacating or modifying the court's judgment. Civ.R. 61 (defining harmless error).

CROSS-APPEAL ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN CONCLUDING AS A MATTER OF LAW, CONTRARY TO THIS COURT'S DECISION IN THIS SUIT'S PRIOR APPEAL, THAT FORECLOSURE ACTIONS ARE NOT SUBJECT TO THE FDCPA.

CROSS-APPEAL ASSIGNMENT OF ERROR V

DESPITE DECIDING THAT THE FDCPA DOES NOT APPLY TO A FORECLOSURE ACTION, THE TRIAL COURT WENT ON TO ERR BY DECIDING AS A MATTER OF LAW THAT THE FDCPA WAS NOT VIOLATED IN THIS CASE BECAUSE (A) FILING A COMPLAINT CANNOT VIOLATE THE ACT AND (B) US BANK AND OCWEN WERE NOT DEBT COLLECTORS REGULATED BY THE ACT, NEITHER OF WHICH IS TRUE, AND FURTHER ERRED BY FAILING TO RECOGNIZE THAT THE SCHUBERTS HAVE A VALID FDCPA CLAIM FOR EXCESSIVE PROPERTY VALUATION CHARGES EVEN IF THE SCHUBERTS' WAIVERS CONTAINED IN THE FORBEARANCE AND LOAN MODIFICATION AGREEMENTS ARE VALID.

{¶21} In their fourth and fifth assignments of error, the Schuberts argue that the trial court incorrectly denied their claims under the FDCPA. They argue that the court incorrectly concluded that mortgagees and loan servicers are not subject to the FDCPA, that U.S. Bank and Ocwen are not debt collectors under the FDCPA, and that the waivers they agreed to in the forbearance and loan modification agreements do not bar their FDCPA claims.

{¶22} Upon review of the trial court's judgment, we note that one of the reasons the trial court denied the Schuberts' claims under the FDCPA is because it determined they were time-barred. The Schuberts acknowledge in their brief that claims under the FDCPA are subject to a one-year statute of limitations.

{¶23} The Schuberts argue that their claim is timely because the filing of a foreclosure complaint itself can constitute a violation of the FDCPA and they filed their counterclaim within a year of U.S. Bank's and Ocwen's complaint in this action. Assuming without deciding that they are correct, we note that many of the Schuberts' FDCPA allegations concerned actions that U.S. Bank and Ocwen took between 2004 and 2010. Because the Schuberts have not demonstrated that their FDCPA claim was timely with respect to any of the earlier conduct, we will not address their claim as to that conduct.

{¶24} Regarding the complaint that U.S. Bank and Ocwen filed in December 2010 to initiate this action, the trial court found that the Schuberts failed to establish any false or deceptive practice. The court found that, to the contrary, the foreclosure action was proper, noting that the Schuberts admitted that they stopped paying on their loan in June 2010. The court also noted that the foreclosure action prevailed. The court further found that all of the inspections that were done over the course of the proceedings were appropriate to monitor the condition of the property and were commercially reasonable. The Schuberts have not pointed to

any evidence in the record that undermines the trial court's findings. Upon review of the record, we cannot say that the court's findings were against the manifest weight of the evidence. The Schuberts' fourth and fifth assignments of error are overruled.

APPELLANTS' ASSIGNMENT OF ERROR

> THE TRIAL COURT ERRED WHEN IT FOUND THAT THE FIFTEEN-YEAR STATUTE OF LIMITATIONS ENUMERATED IN OHIO REV. CODE § 2305.06 APPLIED TO SCHUBERTS' BREACH OF CONTRACT CLAIM.

{¶25} In their assignment of error, U.S. Bank and Ocwen argue that the trial court incorrectly concluded that the Schuberts' breach of contract claim is subject to the fifteen-year statute of limitations period outlined in Revised Code Section 2305.06 instead of the three-year period that applies to negotiable instruments under Section 1303.16(G)(3). Although they concede that this issue is moot, they argue that this Court should address it because it involves a matter of great public importance and is an issue that is capable of repetition, yet evading review. *See In re Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12, 14 (1989) (identifying exceptions to the mootness doctrine).

{¶26} Regarding whether this issue is capable of repetition, yet evading review, U.S. Bank and Ocwen argue that the statute of limitations issue is relevant to the putative class claims that remain pending in the trial court. They argue that, if this Court does not decide the issue now, there will likely be another appeal to this Court that seeks resolution of the issue. If this issue will have to be addressed in a subsequent appeal, however, it is not one that will evade review.

{¶27} Regarding whether this case involves a matter that is one of a public or great general interest, we note that U.S. Bank and Ocwen have not identified any cases in which a statute of limitations question was held to rise to that level. In addition, in light of their

admission that this issue may return to this Court in connection with the Schuberts' class action, we decline to issue what would constitute an advisory opinion. *See E.G. v. Ergh*, 9th Dist. Lorain No. 13CA010393, 2014-Ohio-1332, ¶ 7; *Andonian v. A.C. & S., Inc.*, 97 Ohio App.3d 572, 576 (9th Dist.1994) (declining to address cross-appellant's assignments of error when it prevailed at trial despite the court's alleged errors). U.S. Bank's and Ocwen's assignment of error is overruled.

## III.

**{¶28}** The Schuberts' assignments of error are overruled. U.S. Bank's and Ocwen's assignment of error is overruled as moot. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

BENJAMIN D. CARNAHAN, Attorney at Law, for Appellants/Cross-Appellees.

JACK MALICKI and THOMAS R. THEADO, Attorney at Law, for Appellees/Cross-Appellants.