[Cite as *State v. Coteat*, 2018-Ohio-3550.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No.    28562 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DEVON L. COTEAT | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR-2016-03-0988 |

DECISION AND JOURNAL ENTRY

Dated: September 5, 2018

TEODOSIO, Judge.

{¶1}    Appellant, Devon L. Coteat, appeals from his conviction for having weapons while under disability in the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    On August 25, 2016, Mr. Coteat pled guilty to one count of having weapons while under disability, a felony of the third degree.  The disability element of the weapons-under-disability charge was satisfied by Mr. Coteat's prior juvenile delinquency adjudication for conduct that would have constituted an offense of robbery if committed as an adult.  Two counts of carrying concealed weapons and one count of driving under suspension were all dismissed.  The trial court ordered a pre-sentence investigation report and set the matter for sentencing.  On that same day, the Supreme Court of Ohio decided *State v. Hand*, in which the Court held that R.C. 2901.08(A) violated due process and was unconstitutional because a juvenile adjudication does not involve the right to a jury trial and thus cannot be treated as a prior conviction to

enhance the degree of or the sentence for a subsequent offense committed as an adult. *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, syllabus.

{¶3} Shortly thereafter, Mr. Coteat filed motions in the trial court to withdraw his guilty plea and to dismiss the weapons-under-disability charge. He argued that, pursuant to *Hand*, his prior juvenile adjudication could not support a charge of having weapons while under disability. The trial court granted Mr. Coteat's motion to withdraw his guilty plea at a hearing on October 20, 2016. At that hearing, Mr. Coteat pled no contest to having weapons while under disability and the court found him guilty of the offense. The court then sentenced him to nine months in prison, suspended the prison term, and placed him on two years of community control. The court never explicitly ruled on the motion to dismiss either by entry or in open court.

{¶4} Mr. Coteat appealed from his conviction and raised one assignment of error for this Court's review. Following oral arguments, we stayed the appeal while the precise issued raised by Mr. Coteat was pending before the Supreme Court of Ohio in *State v. Carnes*, Slip Opinion No. 2018-Ohio-3256. The Supreme Court recently issued its decision in *Carnes* on August 15, 2018. *Id.*

{¶5} We now turn to the merits of Mr. Coteat's appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DENYING, SUB SILENCIO (SIC), APPELLANT'S MOTION TO DISMISS THE CHARGE OF HAVING WEAPONS [WHILE] UNDER DISABILITY BECAUSE THE SUPREME COURT OF OHIO'S DECISION REGARDING THE USE OF JUVENILE ADJUDICATIONS IN ADULT PROSECUTIONS LOGICALLY EXTENDS TO PROHIBITING THE USSE (SIC) OF A PRIOR JUVENILE DELINQUENCY ADJUDICATION AS AN ELEMENT FOR A SUBSEQUENT ADULT FELONY OFFENSE

{¶6} In his sole assignment of error, Mr. Coteat argues that the trial court erred in denying, sub silentio, his motion to dismiss because the Supreme Court of Ohio's recent decision in *Hand* should be extended to prohibit the use of a juvenile delinquency adjudication as an element of a subsequent felony offense committed as an adult. We disagree.

{¶7} "On appeal from a no contest plea, a defendant may assert that the trial court prejudicially erred in a ruling on a pretrial motion." *State v. Wheeler*, 9th Dist. Summit No. 27841, 2016-Ohio-1069, ¶ 9, citing Crim.R. 12(I). Here, Mr. Coteat filed a pretrial motion to dismiss, but the trial court never explicitly ruled on the motion. Nevertheless, Mr. Coteat proceeded to plead no contest to having weapons while under disability, and the trial court found him guilty and sentenced him to community control. When a trial court never expressly rules on a motion to dismiss, this Court presumes that the motion was denied and reviews the denial of the motion de novo. *E.g., State v. Jackson*, 9th Dist. Summit No. 28625, 2018-Ohio-19, ¶ 26; *but see State v. Downs*, 9th Dist. Lorain Nos. 14CA010635, 14CA010636, and 14CA010637, 2015-Ohio-3398, ¶ 17, citing *State v. Fetty*, 3d Dist. Defiance No. 4-06-26, 2007-Ohio-905, ¶ 8 (stating that a "plea of no contest prior to the trial court's ruling on [a] motion to dismiss is tantamount to a withdrawal of the motion").

{¶8} Mr. Coteat pled no contest and was found guilty of having weapons while under disability under R.C. 2923.13(A)(2), which states in relevant part: "[N]o person shall knowingly acquire, have, carry, or use any firearm * * * if * * * [t]he person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence." Robbery is considered an offense of violence under R.C. 2901.01(A)(9)(a). Mr.

Coteat concedes that he was previously adjudicated delinquent as a juvenile for conduct that would constitute the offense of robbery for adult offenders.

{¶9}   In *State v. Hand*, the Supreme Court of Ohio held:

R.C. 2901.08(A) violates the Due Process Clauses of Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution because it is fundamentally unfair to treat a juvenile adjudication as a previous conviction that enhances either the degree of or the sentence for a subsequent offense committed as an adult.

Because a juvenile adjudication is not established through a procedure that provides the right to a jury trial, it cannot be used to increase a sentence beyond a statutory maximum or mandatory minimum.

*Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, at syllabus.   The *Hand* Court stated that R.C. 2901.08(A) and 2929.13, when read together, essentially stated that "a juvenile adjudication counts as a previous conviction that can enhance either the degree of a later offense or a subsequent sentence to include mandatory prison time."   *Id.* at ¶ 9.   In striking down R.C. 2901.08(A) as unconstitutional, the Court concluded that the statute violated due process under *Apprendi* and reasoned that "[q]uite simply, a juvenile adjudication is not a conviction of a crime and should not be treated as one."   *Id.* at ¶ 38.   *See also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")

{¶10}  Mr. Coteat concedes in his merit brief that "[his] juvenile adjudication is being used, although not as a sentencing enhancement as in *Hand*, but rather as an element of a criminal offense."   He argues that the Supreme Court's decision in *Hand* should be extended to prohibit the use of a juvenile adjudication to satisfy an element of a subsequent felony offense committed as an adult.   However, the Supreme Court of Ohio has recently distinguished *Hand*

when presented with this precise issue and declined to extend its holding in *Hand*: "A prior juvenile adjudication may be an element of the weapon[s-]under-disability offense set forth in R.C. 2923.13(A)(2) without violating due process under the Ohio or United States Constitutions." *Carnes*, Slip Opinion No. 2018-Ohio-3256, at ¶ 21.

**{¶11}** In accordance with the Supreme Court's decision in *Carnes*, we conclude that the trial court did not err in denying, sub silentio, Mr. Coteat's motion to dismiss.

**{¶12}** Mr. Coteat's sole assignment of error is overruled.

### III.

**{¶13}** Mr. Coteat's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.