DECISION.
{¶ 1} Plaintiff-appellant Lillian Zwahlen sued defendant-appellee Robin Harrison and her adult daughter, Sandra Brown, for injuries that she sustained when a dog that was being kept at Harrison's house had attacked her. In August 2004, the trial court granted a default judgment against Harrison for $15,000. Harrison moved to set aside the judgment. The trial court granted her motion. We affirm the trial court's judgment.
 I. Mad Dog {¶ 2} On May 11, 2002, Zwahlen was in her back yard when a dog attacked her. The dog knocked her down and hovered over her. Zwahlen sustained injuries to her leg. She alleged that the dog was owned by or was being harbored by Harrison and Brown. Evidently, the dog belonged to a friend of Brown's, and Brown was keeping it at Harrison's home.
 {¶ 3} Also on May 11, shortly before the attack, Harrison had been admitted to the hospital, where she remained until May 14, 2002. Harrison stated that she did not know that her daughter was keeping a dog at her house. But Zwahlen claimed in an affidavit that the dog had been there for months before the attack.
 {¶ 4} In August 2003, Zwahlen sued Brown and Harrison for negligence and strict liability, alleging a violation of R.C. 955.22, failing to confine a dangerous dog. The complaint was served at Harrison's home; Brown signed for both women's copies. Harrison stated in an affidavit that Brown had never given her a copy of the complaint and had never told her that they were being sued. *Page 3 
 {¶ 5} Zwahlen moved for a default judgment against Harrison and Brown in June 2004. The motion was not served on Harrison or Brown because neither had previously appeared. Later that month, a magistrate recommended a default judgment against both defendants. The magistrate's decision was sent by ordinary mail to Harrison.
 {¶ 6} Harrison claimed that this was the first time she had been aware that the case existed. She said that she immediately called the courthouse and spoke to someone (it is not clear whom) about what she needed to do. Harrison said that this court employee told her to file a statement of objection to the magistrate's decision. Harrison did so within 14 days of the decision.
 {¶ 7} Her handwritten statement of objection asserted that she had been in the hospital on the date of the attack, had no knowledge of the presence of a dog, and had not consented to the dog's being kept at her house. It is not clear how it happened, but Harrison's objections were filed with the clerk of courts' criminal traffic division, and the trial court apparently did not get a copy of the document.
 {¶ 8} In August 2004, the trial court affirmed the magistrate's decision and entered a default judgment against Brown and Harrison for $15,000. The decision stated in part, "Fourteen days have elapsed since the decision and no objections have been taken." Although the court's docket indicated that the default judgment entry had been mailed to both defendants, Harrison stated that she had not received a copy of the court's entry.
 {¶ 9} For almost two and a half years after Harrison had written her letter objecting to the decision, nothing happened. Harrison stated that she had thought that the case had been dropped. During this time, she had casual contacts with her *Page 4 
neighbor Zwahlen — the contacts were always pleasant, and Zwahlen never mentioned the case. But then in December 2006, Harrison was served with a complaint for foreclosure on her home to satisfy Zwahlen's judgment against her.
 {¶ 10} Harrison moved to set aside the default judgment. The judge that had originally granted the default motion was no longer assigned to the case, having moved to another court. The trial court granted Harrison's motion under Civ.R. 60(B)(5). The new judge's entry noted that Harrison had filed objections to the magistrate's decision, that the objections had not been correctly filed by the clerk, and that the original judge had not been aware that the objections had been filed, as evidenced by the entry that had granted the default judgment.
 {¶ 11} Zwahlen now appeals and asserts that the trial court erred by granting relief from judgment because the motion for relief was filed over two years after the default judgment had been entered, and because the court's decision was based on speculation and conjecture.
 II. The Rules and Standard of Review {¶ 12} Civ.R. 60 allows a court to relieve a party from a final judgment for reasons such as mistake, newly discovered evidence, fraud, or a satisfied judgment. Before relief from judgment may be granted, the moving party must show that it (1) has a meritorious defense, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) has moved for relief within a reasonable time.[1] Civ.R. 60(B)(5) allows relief to be granted for "any other reason justifying relief from the judgment." A "reasonable time" for mistake, newly discovered evidence, and fraud is not more *Page 5 
than one year, but the rule does not specify what constitutes a "reasonable time" for seeking relief under Civ.R. 60(B)(5).
 {¶ 13} Appellate courts review Civ.R. 60(B) rulings under an abuse-of-discretion standard.[2] An abuse of discretion is not merely an error — the ruling must be "unreasonable, arbitrary or unconscionable."[3] And "unreasonable" means not supported by sound reasoning.[4]
 {¶ 14} Civ.R. 53 governs magistrates. When a party files an objection to a magistrate's decision within 14 days of the decision,[5] the trial court "shall rule on those objections * * * [and] undertake an independent review"[6] to determine if the magistrate properly determined the facts and correctly applied the law.
 III. Two Years Not Too Long {¶ 15} The trial court did not abuse its discretion by granting Harrison's motion for relief more than two years after the default judgment had been entered.
 {¶ 16} Zwahlen's brief states that Civ.R. 60(B)(5) was not mentioned by the trial court in its entry. But the entry specifically stated that the court was setting aside the judgment "pursuant to Civ.R. 60(B)(5)." We hold that Harrison met the three requirements to obtain Civ.R. 60(B)(5) relief.
 {¶ 17} First, Harrison offered the defense that she did not know that the dog was present at her home. To be liable in negligence or under the statute for an animal attack, Harrison would have had to have owned, kept, or harbored the dog.[7] *Page 6 
Harrison stated that her daughter's friend owned the dog and that she did not know that the dog was being kept at her house. A "keeper" must have physical control over the dog.[8] A "harborer" owns or possesses the residence where the dog is kept, and "silently acquiesces to the dog's presence."[9] If it is true that Harrison did not know (and reasonably could not have known) that the dog was being kept at her house — which would be a question of fact — it is arguable that Harrison would not be liable for the attack on Zwahlen.
 {¶ 18} Second, the trial court correctly found that the misfiling of Harrison's objections to the magistrate's decision qualified as "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) is a catchall provision, but a court must not grant relief under this provision unless there are substantial grounds to do so.[10]
 {¶ 19} In Zwahlen's second issue for review, she argues that the trial court set aside the judgment based on "speculation and conjecture" that the original judge had not read Harrison's objections. But the original judge did not know that Harrison's objections had even been filed. He wrote in the entry, "Fourteen days have elapsed since the decision and no objections have been taken." This sentence is not open to multiple interpretations. The judge did not know that the objections had been misfiled.
 {¶ 20} Civ.R. 53 requires a court to independently review objections to a magistrate's decision. This is mandatory. But due to the misfiling, the original judge did not undertake this review. Thus, the judge's failure to independently review and then rule on the objections constituted a substantial ground for relief under Civ.R. 60(B)(5). *Page 7 
 {¶ 21} Finally, Harrison's motion did not come too late. Civ.R. 60(B)(5) does not specify what qualifies as a reasonable time. Courts should liberally interpret Civ.R. 60(B)(5) motions so that cases are disposed of on their merits.[11]
 {¶ 22} Harrison waited over two years to move for relief. But under the circumstances, her delay was reasonable. She had faith in the court system that her objections would be properly filed and that she had been told the correct thing to do. She had no notice that the trial court had affirmed the magistrate's decision. In casual conversation, Zwahlen never once mentioned the case, leading Harrison to believe it had been dropped. (In fact, according to Harrison, Zwahlen had told her that she had no intention of suing Zwahlen personally, that an attorney, not she, had pursued the case, that she was not aware that she had authorized her attorney to file suit, and that she was unsure of the details of the case.) Zwahlen waited over two years to file a foreclosure complaint, and Harrison acted immediately upon learning about the foreclosure complaint. Under all the circumstances, Harrison moved for relief within a reasonable time.
 {¶ 23} For the foregoing reasons, we affirm the trial court's judgment.
Judgment affirmed.
[1] GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
[2] Harris v. Anderson, 109 Ohio St.3d 101, 2006-Ohio-1934,846 N.E.2d 43, at ¶ 7.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[4] See State v. Echols (1998), 128 Ohio App.3d 677, 716 N.E.2d 728;AAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.
[5] Civ.R. 53(D)(3)(b)(i).
[6] Civ.R. 53(D)(4)(d).
[7] R.C. 955.22; Samas v. Holliman, 10th Dist. No. 02AP-947, 2003-Ohio-1647, at ¶ 14.
[8] Flint v. Holbrook (1992), 80 Ohio App.3d 21, 25,608 N.E.2d 809.
[9] Id.
[10] Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66,448 N.E.2d 1365.
[11] Colley v. Bazell (1980), 64 Ohio St.2d 243, 248,416 N.E.2d 605.
 *Page 1