OPINION. *Page 2 
{¶ 1} Defendant-appellant TASR, Total Abatement Specialists 
Remodelers, appeals from the judgment of the trial court adopting a magistrate's decision to enter judgment for plaintiff-appellee Gary Chan on Chan's claims for breach of a contract to remove mold from Chan's property and for TASR's failure to honor its warranty for the work. Because the trial court failed to independently review and rule on TASR's properly filed objections, we reverse.
 Facts and Procedure {¶ 2} TASR has raised a single assignment of error challenging the manifest weight of the evidence adduced to support the trial court's judgment in Chan's favor. But our review of the record reveals a procedural error that prevents us from addressing TASR's assignment of error at this juncture.[1]
 {¶ 3} Chan alleged that TASR had performed some work but had failed to remove or to remedy the mold problem in breach of the contract. Chan brought this suit, and the case was tried before a magistrate.
 {¶ 4} On February 1, 2007, the magistrate issued findings of fact and conclusions of law reaffirming its general decision to award $3,000 in damages to Chan. On February 28, the trial court granted TASR's motion to file objections to the magistrate's decision out of time.[2] TASR filed a transcript of the proceedings before the magistrate and presented its objections, contesting the burden of proof required of Chan, highlighting the absence of photographic or documentary evidence of the ongoing mold *Page 3 
problem, and challenging the weight of the evidence adduced to support the magistrate's decision.
 {¶ 5} Sixteen days later, an entry "approving the magistrate's decision" was journalized. Unlike each of the previous rulings in this case, however, this entry was signed by a different municipal court judge. The entry included a box that the trial court could check to indicate that "[t]he objections to the Magistrate's decision are overruled. (Check if applicable.)" The box was left blank. Nowhere on the face of the entry did the trial court indicate that it had considered and overruled TASR's objections. The only original text found in the entry indicates that the trial court adopted the magistrate's decision, entered judgment for Chan in the amount of $3,000, and dismissed TASR's counterclaim.
 The Requirement to Review and Rule on Objections {¶ 6} "Where a matter is referred to a magistrate, the magistrate and the trial court must conduct the proceedings in conformity with the powers and procedures conferred by Civ.R. 53. * * * [The rule] contemplates that a written magistrate's decision shall be filed with the clerk and served on the parties, that the parties shall have an opportunity to object, and that the trial court shall rule on any objections and then either adopt, reject, or modify the magistrate's decision before entering a judgment."[3]
 {¶ 7} "The scope of the trial court's review depends on whether a party has filed objections to the magistrate's decision."[4] When a party fails to file objections, the trial court "may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision. "[5] *Page 4 
 {¶ 8} But when, as here, a party properly files objections, the trial court is required to independently review the objections "to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."[6] And Civ.R. 53(D)(4)(d) expressly provides that, before entering judgment, "the court shall rule on thoseobjections."[7] (Emphasis added.)
 {¶ 9} In Zwahlen v. Brown, we upheld a trial court's decision to provide relief from judgment on the grounds that the original trial court had failed to independently review and rule on properly filed objections to a magistrate's decision. In reaching that decision, we correctly stated that a trial court has a "mandatory" duty to review and rule on objections.[8]
 {¶ 10} While an express statement that the objections have been considered, or the affirmative act of checking a box on a form entry is the better course, trial courts have some latitude in the manner in which they demonstrate compliance with Civ.R. 53(D)(4)(d). For example, in In re Estate of Knowlton, after holding its own evidentiary hearing, a trial court issued a written opinion sustaining a magistrate's decision but not specifically addressing each of the appellants' objections.[9] This court nonetheless upheld the trial court's judgment because the trial court's separate written opinion addressed "the subject matter of all the objections" at length.[10] Any suggestion in Knowlton that a trial *Page 5 
court's unstated disposition of objections can be "inferred"[11] from a bare-bones judgment entry, however, is inconsistent with the mandatory-statement rule of Zwahlen.[12]
 {¶ 11} Here, from the record presented for our review, we cannot conclude that the trial court independently reviewed and ruled on TASR's objections as required by Civ.R 53(D)(4(d). The trial court failed to check the box on the form entry to indicate that it had conducted the mandated review. And the trial court's entry of judgment did not mention TASR's objections or address the issues they raised. In light of the transfer of the case to a different judge shortly after the filing of TASR's objections, it is quite likely that the second judge did not have the opportunity to consider the objections.
 {¶ 12} Because the record does not affirmatively reflect that the trial court considered and ruled on the objections,[13] we reverse the judgment of the trial court and remand this case for an appropriate review and resolution of TASR's objections.
Judgment reversed and cause remanded.
SUNDERMANN, P.J., and DINKELACKER, J., concur.
[1] See App.R. 12(A)(1)(c).
[2] See Civ.R. 53(D)(5).
[3] Yantek v. Coach Builders Ltd., 1st Dist. No. C-060601, 2007-Ohio-5126, at ¶ 9.
[4] Id. at ¶ 11.
[5] Civ.R. 53(D)(4)(c); see, also, July 2006 Staff Note to Civ.R. 53 ("the `evident on the face' standard does not require that the court conduct an independent analysis of the magistrate's decision").
[6] Civ.R. 53(D)(4)(d); see, also, Zwahlen v. Brown, 1st Dist. No. C-070263, 2008-Ohio-151, at ¶ 14 and ¶ 20; In re Seldon, 1st Dist. Nos. C-070440, C-070441, and C-070481, 2007-Ohio-5123, at ¶ 10.
[7] See, also, Arrow Financial Serv. v. Kuzniak, 7th Dist. No. 06 MA 133, 2007-Ohio-2191, at ¶ 18 ("A trial court must rule on any objections * * *.").
[8] Zwahlen v. Brown at ¶ 20.
[9] See In re Estate of Knowlton, 1st Dist. No. C-050728,2006-Ohio-4905, at ¶ 46.
[10] Id.
[11] Id., relying in fn. 11 upon Inman v. Inman (1995),101 Ohio App.3d 115, 118, 655 N.E.2d 199 ("where the trial court's entry has adopted the referee's report, we have presumed that the court conducted the proper independent analysis").
[12] See Zwahlen v. Brown at ¶ 20.
[13] See Civ.R. 53(D)(4)(d); see, also, Zwahlen v. Brown at ¶ 20. *Page 1