[Cite as *Wells Fargo Bank, N.A. v. Allen*, 2012-Ohio-175.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96611

## WELLS FARGO BANK, N.A.

PLAINTIFF-APPELLEE

vs.

## PATRICIA ALLEN, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
## DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-721567

**BEFORE:**   E. Gallagher, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   January 19, 2012

**ATTORNEY FOR APPELLANTS**

James R. Douglass
James R. Douglass Co., LPA
20521 Chagrin Blvd.
Suite D
Shaker Heights, Ohio   44122

**ATTORNEYS FOR APPELLEE**

**For Wells Fargo Bank, N.A.**

Edward G. Bohnert
Reimer, Lorber & Arnovitz Co., LPA
P.O. Box 968
2450 Edison Blvd.
Twinsburg, Ohio    44087

Richard A. Freshwater
Thompson Hine LLP
127 Public Square
3900 Key Tower
Cleveland, Ohio    44114

Scott A. King
Jessica E. Salisbury
Thompson Hine LLP
Austin Landing I
10050 Innovation Dr., Suite 400
Dayton, Ohio    45342

**For State of Ohio, Dept. of Taxation**

Mike DeWine
Ohio Attorney General
Melanie Cornelius
Assistant Attorney General
150 East Gay Street, 21st Floor
Columbus, Ohio    43215

**For United States of America**

Eric H. Holder, Jr.
Attorney General of the United States of America
By: Marlon A. Primes
U.S. Court House
801 W. Superior Avenue
Suite 400
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Patricia Allen appeals from the judgment of the Cuyahoga County Court of Common Pleas granting plaintiff-appellee Wells Fargo Bank, N.A.'s ("Wells Fargo") motions for default and summary judgment.  We dismiss for lack of a final appealable order.

{¶ 2} On March 18, 2010, Wells Fargo filed a complaint for foreclosure against appellant, her unknown spouse, the State of Ohio Department of Taxation, Citifinancial, Inc., and the United States of America, relating to appellant's alleged nonpayment of a note secured by a mortgage on appellant's property. The complaint further alleged that Citifinancial, the State of Ohio Department of Taxation, and the United States of America have or claim to have an interest in the property. The matter was referred by the court to the court's magistrate to try the issues of law and fact.

{¶ 3} Appellant answered Wells Fargo's complaint on April 7, 2010. The State of Ohio Department of Taxation and the United States of America answered and asserted separate interests in the property and demanded that their liens be accorded their rightful priority. Citifinancial failed to answer.

{¶ 4} The record indicates that the magistrate granted summary judgment in favor of Wells Fargo against appellant on January 19, 2011. The magistrate further granted default judgment in favor of Wells Fargo against Citifinancial on January 20, 2011. The magistrate filed a decision ordering foreclosure on January 21, 2011. Notably, the magistrate's decision fails to ascertain the liens of the State of Ohio and the United States or the priority of such liens. On March 2, 2011, the trial court issued a journal entry in which it adopted and incorporated the magistrate's decision and ordered that "[Wells Fargo's] motions for default and summary judgment are granted. Judgment for [Wells Fargo] against [Appellant] in the sum of $96,480.02 with interest thereon at the rate of 5.78% per annum from 10/15/2009.

Decree of foreclosure for [Wells Fargo]." The journal entry further provided that Wells Fargo may order the subject property to sheriff's sale.

{¶ 5} Appellant presents two assignments of error arguing separately that the trial court erred in failing to dismiss Wells Fargo's claims because Wells Fargo lacked standing to prosecute this foreclosure action and erred in failing to stay the case because jurisdiction over the matter had previously been invoked in the United States District Court for the Northern District of California, San Jose Division. We dismiss for lack of a final appealable order.

{¶ 6} In a Journal Entry dated November 10, 2011, this court raised the issue as to whether this appeal presented us with a final appealable order. Appellate courts have jurisdiction to review the final appealable orders from lower courts. *See* Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.02. In the absence of a final appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua sponte. *Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. No. 96249, 2011-Ohio-4508, 2011 WL 3925621, ¶ 6, citing *St. Rocco's Parish Fed. Credit Union v. Am. Online,* 151 Ohio App.3d 428, 431, 2003-Ohio-420, 784 N.E.2d 200 (8th Dist. 2003).

{¶ 7} A trial court's judgment entry stating that it is adopting a magistrate's decision is not a final appealable order. *Flagstar Bank, FSB v. Moore,* 8th Dist. No. 91145, 2008-Ohio-6163, 2008 WL 5050139, ¶ 1. "To constitute a final appealable order, the trial court's journal entry must be a separate and distinct instrument from that of the magistrate's order and must grant relief on the issues originally submitted to the court." *Id.* "The court's judgment entry should address all issues submitted to the court for determination so

that the parties may know, by referring to the judgment entry, what their responsibilities and obligations may be." *In re Elliott*, 4th Dist. No. 97 CA 2313, 1998 WL 101351 (Mar. 5, 1998). "In short, the trial court, '*separate and apart from the magistrate's decision,*' must enter its own judgment containing a clear pronouncement of the trial court's judgment and a statement of the relief granted by the court." (Emphasis added.) *Deutsche Bank Natl. Co.,* at ¶ 7, quoting *Flagstar Bank* at ¶ 8; *Ameriquest Mtge. Co. v. Stone,* 8th Dist. No. 89899, 2008-Ohio-3984, 2008 WL 3126185, ¶ 3.

{¶ 8} In the present case, the trial court's order fails to address Wells Fargo's claims against any of the defendants other than appellant. As in *Deutsche Bank*, the judgment entry presently before this court purports to grant both default and summary judgment but fails to state against which defendants. The order further fails to address the asserted liens of the state of Ohio and the United States of America. Although the judgment entry allows Wells Fargo to order the property to sheriff's sale, the entry fails to make a determination as to the priority of the liens asserted against the property.

{¶ 9} Under similar facts, we stated in *Gaul v. Leeper*, 8th Dist. No. 63222, 1993 WL 266818 (July 15, 1993), that, "[u]ntil such time as the trial court determines the claims against John Doe, husband of appellant, the rights and liabilities of the party defendants failing to file responsive pleadings, and the priority of the liens and orders the sale of the property, there is no final appealable order."

{¶ 10} This court has held that in a foreclosure action where the trial court fails to make a determination as to the priority of liens asserted against the property, the trial court's

order of foreclosure and sale is not a final appealable order and any appeal taken from that order must be dismissed per Civ.R. 54(B). *Culkar v. Fanter*, 8th Dist. No. 48151, 1984 WL 6394 (Dec. 27, 1984).

{¶ 11} In the case sub judice, the adjudication of the errors assigned by the appellant would affect not only appellant's rights, but those of the defendants whom the trial court's judgment entry fails to properly address.

{¶ 12} The trial court's inclusion in the entry of Civ.R. 54(B) language that "there is no just cause for delay" does not overcome these deficiencies. *Deutsche Bank*, at ¶ 9. It is well established that in a matter where multiple claims and/or parties are involved, a judgment entry that enters final judgment as to one or more, but fewer than all, of the pending claims is not a final appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay." However, "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Id.*, citing *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989).

{¶ 13} The trial court's March 2, 2011 entry is not a final appealable order. We therefore lack jurisdiction and must dismiss the appeal.

Dismissed.

It is ordered that appellee recover of appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR