[Cite as *Frank v. Scott's Landscaping*, 2013-Ohio-4040.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   99359

### JOHN J. FRANK

PLAINTIFF-APPELLANT

vs.

### SCOTT'S LANDSCAPING, ETC., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-786274

**BEFORE:**   E.A. Gallagher, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**     September 19, 2013

**ATTORNEY FOR APPELLANT**

John J. Frank, pro se
John J. Frank Co., L.P.A.
7377 Magnolia Drive
Seven Hills, OH 44131

**FOR APPELLEES**

**Scott's Landscaping, Etc.**

Scott's Landscaping
& Snowplowing Co.
c/o Statutory Agent William S. Huebler
3999 Brookside Blvd.
Cleveland, OH   44111

**William Scott Huebler, a.k.a. Scott**

William Scott Huebler
3999 Brookside Blvd.
Cleveland, OH   44111

EILEEN A. GALLAGHER, J.:

**{¶1}** Plaintiff-appellant John Frank appeals from the judgment of the Cuyahoga County Court of Common Pleas granting his motion for default judgment against defendant-appellee Scott's Landscaping & Snowplowing Co. ["Scott's"] and dismissing his claims against defendant-appellee William Scott Huebler with prejudice. For the following reasons, we dismiss for lack of a final, appealable order.

**{¶2}** Appellant's complaint against the above defendants asserted claims for breach of contract, violation of the Ohio Consumer Sales Practices Act and fraud. Appellant's motion for default judgment, which the trial court granted as to defendant Scott's, sought judgment on the first two claims only. As such, the trial court journal entry from which appellant presently appeals does not address appellant's claim for fraud against Scott's.

> It is well established that in a matter in which multiple claims or parties are involved, a judgment entry that enters final judgment as to one or more, but fewer than all, the pending claims is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay."

*Wells Fargo Bank, N.A. v. Allen*, 2012-Ohio-175, 969 N.E.2d 309, ¶ 12 (8th Dist.). The order appealed from does not dispose of all claims in the case or otherwise note why there should be no just reason for delay. Therefore, this court lacks a final, appealable order from which jurisdiction flows. *Whitaker-Merrell Co. v. Geupel Const. Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

**{¶3}** This appeal is dismissed.

It is ordered that appellees recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR