[Cite as *U.S. Bank Natl. Assn. v. Tye*, 2023-Ohio-637.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RMAC TRUST, SERIES 2016-CTT, | : | APPEAL NO. C-220071 TRIAL NO. A-1805683 |
| | : | |
| Plaintiff-Appellee, | : | *O P I N I O N.* |
| | : | |
| vs. | : | |
| | : | |
| KENNETH TYE, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: March 3, 2023

*Manley Deas Kochalski LLC* and *Matthew J. Richardson*, for Plaintiff-Appellee,

*DannLaw* and *Marc E. Dann*, for Defendant-Appellant.

**CROUSE, Presiding Judge.**

{¶1} Defendant-appellant Kenneth Tye appeals from the judgment of the Hamilton County Court of Common Pleas granting summary judgment in favor of U.S. Bank National Association ("U.S. Bank") on its residential foreclosure action. However, we dismiss the appeal for lack of a final appealable order.

{¶2} In October 2018, U.S. Bank filed a complaint for foreclosure against Tye.[1] In July 2019, U.S. Bank filed a motion for summary judgment. On October 31, 2019, the magistrate recommended granting summary judgment as to the note only because "a genuine issue of material fact remain[ed] concerning whether US Bank is the current holder of the mortgage." Both parties objected to the magistrate's decision.

{¶3} Before ruling on the objections, the trial court granted U.S. Bank leave to file an amended complaint to address the noteholder issue. U.S. Bank subsequently filed an amended complaint that named a former noteholder—Taylor, Bean & Whitaker Mortgage Corporation—as an additional defendant. After obtaining a default judgment against the now-defunct Taylor, Bean & Whitaker Mortgage Corporation, U.S. Bank filed a second motion for summary judgment on June 3, 2021.

{¶4} On October 15, 2021, the magistrate granted U.S. Bank's motion for summary judgment and issued the decree in foreclosure. The entry set forth the legal description of the property, in addition to the total amount due on the note as follows:

> $233,466.04 plus interest on the principal amount at the rate of 2% per annum from January 1, 2014, adjusted as per the terms of the Note. The Magistrate further finds that there is due on the Note all late charges

---

[1] U.S. Bank had previously filed a complaint for foreclosure against Tye in 2016 but it was dismissed due to an assignment issue. After filing a corrective assignment, U.S. Bank filed this 2018 complaint.

imposed under the Note, all advances made for the payment of real estate taxes and assessments, property preservation, and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

{¶5} Tye filed timely written objections to the magistrate's decision. On January 26, 2022, the trial court adopted the magistrate's decision without ruling on the objections. The court's "Entry Adopting Magistrate's Decision and Final Decree in Foreclosure," states, in its entirety:

This matter is before the Court upon Plaintiff's Complaint, Plaintiff's Motion for Summary Judgment and the evidence. The Court finds that the Magistrate has issued a decision granting Plaintiff's Motion for Summary Judgment and a copy of the Magistrate's Decision has been filed herein. For the reasons more fully set forth in the Magistrate's Decision, the Court hereby adopts the Magistrate's Decision and Decree in Foreclosure in its entirety and enters judgment in favor of the Plaintiff in the manner set forth in detail in the Magistrate's Decision. Pursuant to the Magistrate's Decision, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the property shall be sold free of the interests of all parties to this action.

There is no just reason for delay in entering Judgment in favor of the Plaintiff.

IT IS SO ORDERED.

{¶6} This appeal followed.

3

{¶7} As an appellate court, we have jurisdiction to "review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Ohio Constitution, Article IV, Section 3(B)(2). Without a final order, we have no jurisdiction. *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10; *Preterm-Cleveland v. Yost*, 1st Dist. Hamilton No. C-220504, 2022-Ohio-4540, ¶ 9. An order is final " 'only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met.' " *CitiMortgage* at ¶ 10, quoting *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5. "[W]e are obliged to consider our jurisdiction even if neither party raises the issue." *Preterm-Cleveland* at ¶ 9.

{¶8} R.C. 2505.02(B)(1) provides that "[a]n order is a final order * * * when it * * * affects a substantial right in an action that in effect determines the action and prevents a judgment." In the foreclosure arena, "[l]iability is fully and finally established when the court issues the foreclosure decree and all that remains is mathematics, with the court plugging in final amounts due after the property has been sold at a sheriff's sale." *CitiMortgage* at ¶ 25.

{¶9} Where a magistrate is involved, and when the trial court adopts, rejects, or modifies a magistrate's decision, it must also enter a judgment. Civ.R. 53(D)(4)(e). An entry that merely "stat[es] that it is adopting a magistrate's decision is not a final appealable order." *Wells Fargo Bank, N.A. v. Allen*, 2012-Ohio-175, 969 N.E.2d 309, ¶ 7 (8th Dist.), citing *Flagstar Bank, FSB v. Moore,* 8th Dist. Cuyahoga No. 91145, 2008-Ohio-6163, ¶ 1. "To constitute a final appealable order, the trial court's journal entry must be a separate and distinct instrument from that of the magistrate's order and must grant relief on the issues originally submitted to the

4

court." *Flagstar Bank* at ¶ 1; *see Deutsche Bank Natl. Co. v. Caldwell,* 196 Ohio App.3d 636, 2011-Ohio-4508, 964 N.E.2d 1093, ¶ 7 (8th Dist.) (holding a trial court's entry was not final where it "did not enable the parties to refer to the entry and determine their responsibilities and obligations."); *Everhome Mtge. Co. v. Kilcoyne*, 8th Dist. Cuyahoga No. 96982, 2012-Ohio-593, ¶ 3 ("The judgment entry must contain a clear pronouncement of the court's judgment and a statement of relief and must be a complete document, separate and apart from that of the magistrate's order.").

{¶10} A trial court also has a mandatory duty to rule on any timely-filed objections to the magistrate's decision. *See Chan v. Total Abatement Specialist & Remodelers,* 1st Dist. Hamilton No. C-070275, 2008-Ohio-1439, ¶ 8-9; *Zwahlen v. Brown*, 1st Dist. Hamilton No. C-070263, 2008-Ohio-151, ¶ 20. A court's failure to independently review, and rule on those objections can result in an order that is not final. *See U.S. Bank Natl. Assn. v. Heller,* 8th Dist. Cuyahoga No. 95966, 2011-Ohio-4410, ¶ 4-5 (dismissing appeal for lack of jurisdiction because "trial court did not even state that it had considered [appellant's] objections" and collecting cases holding the same).

{¶11} In this case, the trial court's entry did not allow the parties to determine their rights and obligations without reference to the magistrate's decision. While the court clearly entered judgment in favor of U.S. Bank, the entry failed to set forth any details of the decree in foreclosure. Moreover, the court failed to rule on, or even reference, the objections to the magistrate's decision. For both of these reasons, the trial court's January 26, 2022 entry is not a final appealable order and we are without jurisdiction to consider this appeal. Accordingly, we dismiss the appeal.

Appeal dismissed.

5

**ZAYAS** and **BERGERON, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

