[Cite as *Smith v. Platinum Property Mgt.*, 2024-Ohio-5687.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FAYE SMITH, | : | APPEAL NO. C-240132 |
| | | TRIAL NO. 23CV16130 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *OPINION* |
| PLATINUM PROPERTY MGT., | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: December 6, 2024

*Faye Smith*, pro se,

*Giles & Harper, LLC,* and *Brian T. Giles*, for Defendant-Appellee.

CROUSE, Judge.

{¶1} Plaintiff-appellant Faye Smith filed a complaint in the small claims division of the Hamilton County Municipal Court, in which she sought the return of her security deposit from her former landlord, defendant-appellee Platinum Property Management ("Platinum"). After a hearing, a magistrate ruled in favor of Platinum, and Smith objected. The municipal court, in a single journal entry containing two pages, overruled Smith's objection and purported to enter judgment for Platinum.

{¶2} Smith seeks to challenge the municipal court's determination. However, we hold that we lack jurisdiction to entertain her appeal. The entry of the court below was not a valid judgment entry—and without a valid judgment entry, we have no final order to review. We must therefore dismiss Smith's appeal to provide the municipal court with an opportunity to enter a judgment.

### *Judgment Entries, Final Orders, and Our Jurisdiction*

{¶3} No party has raised the issue of this court's jurisdiction on appeal. Nevertheless, "[a]s an appellate court, we are obliged to consider our jurisdiction even if neither party raises the issue." *Preterm-Cleveland v. Yost*, 2022-Ohio-4540, ¶ 9 (1st Dist.). Upon reviewing the record in this case, we noticed several abnormalities in the trial court's purported entry of judgment. As we shall explain, our jurisdiction in this appeal turns on the existence of a valid judgment entry. Because we hold that there was no such entry in this case, our analysis begins—and ends—with jurisdiction.

{¶4} Ohio's courts of appeals have appellate jurisdiction to review final, appealable orders. Ohio Const., art. IV, § 3(B)(2); R.C. 2505.02; *U.S. Bank Natl. Assn. v. Tye*, 2023-Ohio-637, ¶ 7 (1st Dist.). Most frequently, an order is final because it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). Although this statutory language is

antiquated and opaque, the Ohio Supreme Court has construed it to cover any trial court order that disposes of *either* (1) "the whole merits of the cause" *or* (2) "some separate and distinct branch thereof," thereby "leav[ing] nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio* ("*HCBMR*"), 46 Ohio St.3d 147, 153 (1989); *accord State ex rel. Sands v. Culotta,* 2021-Ohio-1137, ¶ 8.

{¶5} Trial courts "dispose of" claims through their judgment entries. Thus, when a trial court completely decides all the claims in a case, the Ohio Rules of Civil Procedure require the court to "promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal." Civ.R. 58(A)(1).

{¶6} "'A judgment is the judicial determination or sentence of a court rendered in a cause within its jurisdiction.'" *State ex rel. Curran v. Brookes*, 142 Ohio St. 107, 110 (1943), quoting *Peter v. Parkinson*, 83 Ohio St. 36, 47 (1910); *see generally* 62 Ohio Jur.3d, Judgments, § 1 (2024). To enter a valid judgment, a trial court must comport with Ohio's Rules of Civil Procedure, which require that a judgment be "[1] a written entry [2] ordering or declining to order a form of relief, [3] signed by a judge, and [4] journalized on the docket of the court." Civ.R. 54(A); *see* Civ.R. 58(A) (prescribing method for entering judgment); R.C. 1925.12 ("The judgment of the small claims division shall be recorded in the same manner and shall have the same force and effect as any other judgment of the court."). This court has further explained that an entry of judgment sufficiently "order[s] or declin[es] to order a form of relief," Civ.R. 54(A), only when its text, standing along, "allow[s] the parties to determine their rights and obligations." *Tye*, 2023-Ohio-637, at ¶ 11 (1st Dist.). Anything that fails to satisfy the four basic criteria of Civ.R. 54(A) is not a "judgment," and therefore does

not dispose of claims so as to "determine the action" under R.C. 2505.02(B)(1).

{¶7} When a magistrate is involved, things become a little more complicated. A magistrate's decision is not a final appealable order, because it has no effect until adopted by a court. Civ.R. 53(D)(4)(a). In such cases, the final order comes when a trial court adopts or rejects a magistrate's decision and issues its own judgment. *See* Civ.R. 53(D)(4)(e). But adopting the magistrate's decision and entering the judgment are separate actions, and a reviewing court may not presume one from the other. *See Tye* at ¶ 9, quoting *Wells Fargo Bank, N.A. v. Allen*, 2012-Ohio-175, ¶ 7 (8th Dist.) ("An entry that merely 'stat[es] that it is adopting a magistrate's decision is not a final appealable order.'" (Alteration sic.)); *Yantek v. Coach Builders Ltd.*, 2007-Ohio-5126, ¶ 20 (1st Dist.) (holding that trial court "did not enter a final judgment," because, despite its obligation to review magistrate's decision for plain error in the absence of properly filed objections, trial court never expressly "adopt[ed] or modif[ied] the magistrate's decision").

{¶8} Because the trial court's judgment entry is the document that assigns the parties' rights and duties in the wake of litigation, it must be clear and self-sufficient. If the parties must look to the magistrate's decision to know what they must do, then the judgment entry has failed to adequately "order[] or declin[e] to order a form of relief" as the rules require. *See* Civ.R. 54(A). Therefore, a trial court's judgment must be set forth in "a separate and distinct instrument from that of the magistrate's order and must grant relief on the issues originally submitted to the court." (Cleaned up.) *Tye* at ¶ 9, quoting *Flagstar Bank, FSB v. Moore*, 2008-Ohio-6163, ¶ 1 (8th Dist.). "In short, the trial court, '*separate and apart from the magistrate's decision*,' must enter its own judgment containing a clear pronouncement of the trial court's judgment and a statement of the relief granted by the court." (Emphasis sic.) *Deutsche Bank*

*Natl. Co. v. Caldwell*, 2011-Ohio-4508, ¶ 7 (8th Dist.), quoting *Flagstar Bank* at ¶ 8.

**{¶9}** We pause to note one additional requirement: Where a party has objected to a magistrate's decision, the trial court must "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law," and then "rule on those objections." Civ.R. 53(D)(4)(d). And there must be affirmative evidence that the trial court did so. For example, we have found error when a trial court has journalized an entry "approving the magistrate's decision," but failed to check the box overruling the objections or otherwise indicate it had done so. *Chan v. TASR*, 2008-Ohio-1439, ¶ 5, 11-12 (1st Dist.). Our cases are not entirely clear whether such a failure to rule on timely objections to a magistrate's decision constitutes reversible error or prevents a trial court's judgment from becoming final. *Compare Tye*, 2023-Ohio-637, at ¶ 11 (1st Dist.) (dismissing for want of a final appealable order, in part because trial court "failed to rule on, or even reference, the objections to the magistrate's decision"), *with Chan* at ¶ 12 (reversing trial court's judgment for failure to consider objections and remanding).[1] Because our decision does not turn on this issue, however, we leave it for another day.

---

[1] Although their language is not always clear, the weight of persuasive authority from our sister districts suggests that they treat the failure to rule on objections as preventing finality, as we did in *Tye*, rather than as a mere procedural deficiency, as we did in *Chan*. *See, e.g., State v. Dixon*, 2006-Ohio-4932, ¶ 5 (2d Dist.) (holding that, "because the trial court did not properly adopt the decision of the magistrate . . . , there is no final order for Dixon to appeal"); *U.S. Bank Natl. Assn. v. Heller*, 2011-Ohio-4410, ¶ 5 (8th Dist.); *Drummond v. Drummond*, 2003-Ohio-587, ¶ 13 (10th Dist.) ("It is clear that an appellate court may not address an appeal of a trial court's judgment when the trial court has failed to rule on properly filed objections."); *Cross v. Bryant*, 2009-Ohio-6994, ¶ 36 (11th Dist.) (noting that a trial court's judgment can only become a final order "fourteen days after it was entered," once the objections period has ended); *McCown v. McCown*, 145 Ohio App.3d 170, 172 (12th Dist. 2001) (holding that, because the trial court had not "reviewed the magistrate's decision and ruled upon appellants' objections," its prior entry of a protective order was not a final appealable order).

*The Trial Court's Entry*

{¶10} In this case, the trial court's purported judgment entry, which we have reproduced in the appendix to this opinion, came on two pages, which were journalized together. The first page bore the words "JUDGMENT ENTRY" in its header, but the words "MAGISTRATE'S DECISION" in its case caption. The body of this page stated only, "*I therefore recommend:* Judgment for Defendants, at Plaintiff's costs, as to Plaintiff's claim." (Emphasis sic.) Beneath this text, the page had lines meant for the judge to sign and date; but both were blank.

{¶11} The second page comprised an entirely separate form, with a header containing the words "HAMILTON COUNTY MUNICIPAL COURT" followed by "CINCINNATI, OHIO," and a case caption bearing the title "JUDGMENT ENTRY." In the body of the document were two boxes to check—one to overrule all objections to the magistrate's decision, and one to sustain them and set a new trial date. The "overruled" box was marked with an "X" in pen. Like the first page, the bottom of the second contained two lines for the date and the judge's signature. Unlike the first page, the lines on the second contained the judge's signature and the date in pen.

{¶12} The entry on the trial court's electronic docket describing this two-page journal entry read as follows:

ENTRY APPROVING MAGISTRATE'S DECISION

JUDGMENT FOR DEFENDANT

JUDGE: JANAYA TROTTER BRATTON

THE OBJECTIONS TO THE MAGISTRATE'S DECISION ARE

OVERRULED. SEE ENTRY

FINAL APPEALABLE ORDER MAILED TO PARTIES.

{¶13} Under the criteria set forth above, and for the reasons explained below,

we hold that this entry did not constitute a final order under R.C. 2505.02(B)(1). For clarity, we will consider all the criteria discussed.

{¶14} *First*, the order at issue here obviously affected a substantial right, because it determined the merits of Smith's substantive request for relief. The ultimate grant or denial of relief on a litigant's claim will virtually always "affect[] a substantial right." *See* Mark P. Painter & Andrew S. Pollis, *Ohio Appellate Practice* § 2:6, at 91 (2023-2024 Ed.) ("As a practical matter, determining whether an order affects a substantial right is not typically problematic under R.C. 2505.02(B)(1), because the section imposes a second, more stringent criterion for finality . . . .").

{¶15} *Second*, the order at issue here sought to dispose of "the whole merits of the case," *see HCBMR*, 46 Ohio St.3d at 153, by adjudicating Smith's only claim and awarding costs. It thereby sought to "determin[e] the action" with respect to all claims and parties, *see* R.C. 2505.02(B)(1), and obviated any need for a Civ.R. 54(B) certification.

{¶16} *Third*, the record contains sufficient affirmative evidence indicating that the trial court appropriately considered and ruled upon Smith's objections to the magistrate's decision. The court clearly overruled Smith's objections on the signed second page by marking the box that stated, "The objections to the Magistrate's decision are overruled."

{¶17} *Fourth*, the record does *not* adequately demonstrate that the court below adopted or rejected the magistrate's decision in this case. No entry on the court's journal manifested its intent to adopt the magistrate's decision or provided affirmative evidence of its intent to do so. The only affirmative statement purporting to address the magistrate's decision comes from a text listing on the court's computerized docket, which described the challenged journal entry in our appendix as an "ENTRY

7

APPROVING MAGISTRATE'S DECISION." But the words of this entry are not the words of the court. "It is well established that in Ohio a court speaks through its journal." *City of Cleveland v. Jovanovic*, 2003-Ohio-2875, ¶ 8 (8th Dist.), citing *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 118 (1990). The court's journal consists of the written decisions composed and approved by the court. These entries are distinct from the clerk's descriptions of them on the computerized docketing system, which exist to help users navigate the docket. The court's formal entries on its journal constitute the words of the court, and "it is the journal entries that are signed by the judge, not the docket entries, that control." (Cleaned up.) *State ex rel. Caldwell v. Gallagher*, 2012-Ohio-4608, ¶ 6 (8th Dist.).

{¶18} Further, the trial court's other journal entries do not allow us to infer that the trial court adopted the magistrate's decision. Ordinarily, we will not infer that a trial court has ruled on a magistrate's decision or a party's objections "from a bare-bones judgment entry." *Chan*, 2008-Ohio-1439, at ¶ 10 (1st Dist.). Likewise, we cannot presume that a trial court adopted a magistrate's decision simply because it overruled a party's objections, as a trial court is entitled to "review and modify a magistrate's decision *regardless of the content of any objections* that have been filed." (Emphasis added.) *See Donofrio v. Whitman*, 2010-Ohio-6406, ¶ 2 (7th Dist.); *accord Slepski v. Borton*, 2024-Ohio-3381, ¶ 31 (7th Dist.); *Hart v. Spenceley*, 2013-Ohio-653, ¶ 15 (12th Dist.); Civ.R. 53(D)(4)(b).

{¶19} But there are *some* circumstances under which we may infer that a trial court adopted a magistrate's decision. Although the "better course is for the court to expressly indicate on the record that it is adopting or modifying a magistrate's decision," there is no requirement that it "recite talismanic or 'magic words.'" *Yantek*, 2007-Ohio-5126, at ¶ 12 (1st Dist.). Thus, where a trial court has *both* affirmatively

overruled objections *and* entered an independent judgment consistent with the magistrate's decision, we might have grounds to infer that the trial court had "exercise[d] its judicial functions of reviewing and adopting a magistrate's decision." *See id.* at ¶ 13. The court, in such a case, must have *reviewed* the magistrate's decision when it considered and ruled on the objections. And the same court would have manifested an intent to *adopt* that decision by entering a judgment consistent with it.

{¶20}  In this case, there is not enough to infer that the trial court adopted the magistrate's decision. The record "affirmatively reflect[s] that the trial court considered and ruled on the objections." *See Chan* at ¶ 12. That much is clear from the signed second page of the entry attached in our appendix, on which the judge checked that the "objections to the Magistrate's decision are overruled." However, as we shall explain below, the trial court did not record any judgment entry—either consistent or inconsistent with the magistrate's decision.

{¶21}  *Fifth*, the basic problem here lies with the unsigned page, which the clerk's notation claims to be a judgment entry. The entry at issue was written and journalized, as the rules command. *See* Civ.R. 58(A)(1). However, the judge was further obligated to order relief in a manner that would "allow the parties to determine their rights and obligations," and to sign the order. *See Tye*, 2023-Ohio-637, at ¶ 11 (1st Dist.). No page of the trial court's purported judgment entry satisfied both requirements.

{¶22}  The second page of the court's journal entry made no pretense to order relief; it simply overruled Smith's objections to the magistrate's decision.

{¶23}  The first page likewise cannot have granted or denied relief with adequate clarity, because it did not purport to grant or deny relief *at all*. The caption on this page stated that it was a "MAGISTRATE'S DECISION," and the body of the

entry phrased itself as a recommendation, not an order, because it began, "*I therefore recommend.*" (Emphasis sic.)

**{¶24}** Further, page one—the only page that could be construed as a judgment entry—lacked the trial judge's signature. "A judgment is effective *only after it is signed by the court* and entered upon the journal." (Emphasis added.) *Deutsche Bank Natl. Trust Co. v. Smith*, 2015-Ohio-2961, ¶ 19 (1st Dist.). As Civ.R. 54(A) makes clear, an unsigned judgment is no judgment at all, even if it contains all the clarity necessary for a valid judgment entry. And Civ.R. 58(A)'s sequencing requirements, which instruct the clerk to enter a judgment upon the journal only *after* "the court ha[s] signed it," strengthen this conclusion.

**{¶25}** Thus, no signature means no valid judgment. And no judgment, in this case, means no final appealable order. *See In re Mitchell*, 93 Ohio App.3d 153, 154 (8th Dist. 1994) ("As the judgment entry was not signed by the trial court, it is not a final appealable order, and is invalid for appellate purposes."). The Twelfth District described this rule as "well-established" in Ohio, and has held that a judgment entry not signed by a judge, even if it "bears a rubber stamp in lieu of the judge's signature[,] is not a final appealable order and is thus invalid for appellate purposes." *In re Change of Name of M.W.R.*, 2007-Ohio-6169, ¶ 27 (12th Dist.). If Civ.R. 54 and 58 are so particular as to require a handwritten signature rather than a rubber stamp, then they surely require that the handwritten signature be *somewhere* on the document containing the court's judgment. This intuition is only bolstered where, as here, the relevant document contains a conspicuously blank signature line.

**{¶26}** Finally, in this particular case, the presence of the judge's signature on the second page did not cure its absence on the first. In general, where pages belong to a single document, the judge need not sign every page. But the second page of the

journal entry attachment in this case was obviously not a part of the same document as the first. The two pages employed different forms and formatting, had separate captions, and concerned independent legal assessments. Most tellingly, each page contained a line for a judge's signature—one of which was blank.

{¶27}  The only evidence even suggesting that these two instruments were part of a single document is the fact they were docketed together. But Civ.R. 58 makes clear that, while the *judge* must approve and sign the judgment entry, the *clerk* is responsible for entering it onto the court's journal. *See* Civ.R. 58(A)(1) ("upon a decision announced, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal"). Thus, we cannot say with certainty that the judge intended to treat these pages as parts of an integrated whole.

{¶28}  We recognize the practical reality that clerks docket what a judge gives them. But rendering judgment and assigning parties' rights is a power given solely to the judge. To deem a judgment entry signed and valid simply because it was docketed alongside a different document would endow the clerk with the effective power to determine what is and is not included in a court's judgment, simply by determining what documents are and are not scanned and journalized together.

{¶29}  We hasten to clarify that we do not suggest any misconduct on the parts of any actors below. However, in this context, formalism is an important constraint and safeguard. A trial court's judgment entry is the piece of paper with binding legal effect on the parties. It is the document that proves that claims are res judicata. A formalistic application of rules like Civ.R. 54 and 58 ensures that parties in every case receive clear guidance as to their rights and duties, that such guidance came from the proper decision-maker, and that said decision-maker took the appropriate steps. And

formalism further saves appellate courts from fretting over whether the matter before them has been truly and completely adjudicated by the proper decision-maker below.

**{¶30}** The two pages of the trial court's putative judgment entry were independent documents, with separate and distinct legal significance. The legal significance of the second document is obvious—it overruled Smith's objections. The legal significance of the first document, however, is unclear. Was it truly intended as the trial court's judgment entry? Or was it a copy of the magistrate's decision? The confusion surrounding this first page is compounded by the fact that that it is unsigned. We cannot infer the trial judge's signature on the unsigned document, solely because it was docketed with the signed document. And because no document both bore the judge's signature and adequately granted or denied relief, we hold that there was no valid judgment entry.

\* \* \*

**{¶31}** Because there existed no valid, signed judgment entry setting forth the parties' rights and duties, there was no final appealable order from which Smith could appeal. We therefore dismiss this appeal for want of jurisdiction.

Appeal dismissed.

**BOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

12

*Appendix: Trial Court's Entry*

D140800613 02/23/2024

# JUDGMENT ENTRY
## HAMILTON COUNTY MUNICIPAL COURT

FAYE SMITH : CASE NO. 23CV16130
PLAINTIFF, :
:
:
:
:
VS. : MAGISTRATE'S DECISION
:
:
:
:
:
PLATINUM PROPERTY MGT. :
THE GRAND TREE APTS. :
DEFENDANTS. :
:
:
:
:

    *I therefore recommend:* Judgment for Defendants, at Plaintiff's costs, as to Plaintiff's claim.



Adopted and Filed for Journalization

Date _____

Judge _____

(Page 1)

HAMILTON COUNTY MUNICIPAL COURT
CINCINNATI, OHIO

FAYE SMITH
_____
Plaintiff(s)

CASE NO. 23CV16130

vs.

JUDGMENT ENTRY

PLATINUM PROP MGMT
_____
Defendant(s)

[X] The objections to the Magistrate's decision are overruled.

[ ] The objections to the Magistrate's decision are hereby sustained. This case is hereby set for new trial on:

_____ / ___ / ___ Room _____ @ _____

ORDER-
NOTICE MAILED
TO PARTIES
ON: 2-23-2024
INT: D7

Judge of the Hamilton County Municipal Court

2/23/2024
Date

OBJECTIONS TO MAGISTRATE JUDGMENMT ENTRY.DOC

(Page 2)