**[Cite as *Fox v. Fetro*, 2025-Ohio-331.]**

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# SENECA COUNTY

MARA FOX,

    PLAINTIFF-APPELLEE,

  v.

RONNIE FETRO, ET AL.,

    DEFENDANTS-APPELLANTS.

CASE NO. 13-24-16

O P I N I O N

Appeal from Tiffin-Fostoria Municipal Court
Trial Court No. CVG 2400542

**Judgment Reversed**

**Date of Decision: February 3, 2025**

APPEARANCES:

    *Gene P. Murray* **for Appellant**

Case No. 13-24-16

**MILLER, J.**

{¶1} Ronnie Fetro and Carol Fetro (collectively, "the Fetros") appeal from a judgment entered by the Tiffin-Fostoria Municipal Court on April 25, 2024 purportedly restoring the house they were renting to the owner of the property. This case presents an unusual and troubling situation with sufficient concerns about the propriety of the trial court's judgment entry that we are compelled to reverse the judgment and remand the matter to the trial court.

{¶2} This case originated with the pro se filing of a complaint on April 2, 2024 by Mara Fox seeking the forcible entry and detainer of a rental property she owned at 351 College Avenue in the City of Fostoria.[1] The basis for restitution of the property was the non-payment of rent and Fox's desire to have possession of the property returned to her. The complaint alleged a second claim for relief seeking back rent and damages, if any. Service of the summons and complaint was effectuated on April 4, 2024 with a hearing scheduled for 10:00 a.m. on April 25, 2024.

{¶3} On the day prior to the hearing, counsel for the Fetros entered his appearance and sought a continuance of the hearing indicating he had only recently been retained and needed additional time to investigate and evaluate the case, and

---

[1] From the materials in the trial court's file, we are able to glean that Fox was an employee of the Tiffin-Fostoria Municipal Court.

to prepare the defense. A few hours later, Fox filed her objection to the requested continuance.

**{¶4}** The hearing took place as scheduled before a visiting judge. What transpired during the hearing is unknown to us as a transcript of the hearing was not included as part of the record.[2] The only relevant information for our review is a preprinted form judgment entry with check boxes for the court to mark as well as additional options for the court to circle. For example, part of the judgment entry reads:

> The Court finds that the Defendant(s) (was/were) (was not/were not) served with the notice required by ORC 1923.04, that the Defendant(s) (was/were) (was not/were not) still in possession of the premises three (3) days later, that the Defendant(s) (was/were) (was not/were not) served with a copy of the Complaint and summons required by ORC 1923.06, and that the Plaintiff(s) (has/has not) (have/have not) established the right to possession of the premises based upon:
> □ Non-Payment of Rent
> □ _____

**{¶5}** Significantly, the entry does not provide a place to indicate whether counsel was present for the hearing. Consequently, the record is unclear if the Fetros' counsel appeared with them for the hearing. Regardless, counsel was provided with a copy of the court's Judgment Entry Regarding Forcible Entry and Detainer file stamped at 10:39 a.m. on April 25, 2024. We know counsel received

---

[2] Along with the notice of appeal, counsel for the Fetros filed a Statement and Praecipe indicating a complete transcript was to be filed with the record on appeal. However, it appears from reviewing the assignment of error and appellate brief that counsel determined a transcript would not be needed for resolution of the assigned error.

this judgment entry because when counsel filed the notice of appeal a few days later, he attached a copy of this judgment entry to the notice as required by Loc.R. 3(A).

**{¶6}** Alarmingly, the trial court's judgment entry contained in the official record submitted to this court is patently different from the judgment entry submitted to this court with the notice of appeal. It appears the original entry was altered at some point after it was file stamped and a copy provided to the Fetros or their attorney.[3] Unlike the copy attached to the notice of appeal, the judgment entry in the court's file has several boxes checked in a different color ink than that used by the trial judge to sign the entry. Additionally, on the entry in the court's file, someone has circled "did" in the line reading: "Defendant(s) (did/did not) appear at this hearing." None of the alternatives contained in the paragraph quoted above were circled and no boxes identifying the reason for granting restitution of the premises were checked. The only items identical between the two entries appear to be the judge's signature, the file stamp, the handwritten address of the rental property, and the handwritten put out date.[4]

In their appeal, the Fetros raise a single assignment of error which states:

> **On grounds that a court speaks through its journal, a trial court's judgment entry regarding forcible entry and detainer is unenforceable when it is totally devoid of any judgments necessary to effect an eviction, thereby denying the fundamental**

---

[3] Alternatively, the Fetros or their counsel would have had to alter their copy of the judgment entry and then attach the altered copy to the notice of appeal. However, the nature of the changes and a visual inspection of the documents renders this possibility unlikely.

[4] We note on the judgment entry in the court file that the judge's signature and put out date are both written in black ink while the hand written address is in blue ink. Likewise, the checked boxes are also in blue ink.

**and substantial constitutional rights to due process of law for the tenants in this case.**

{¶7} The Fetros contend the trial court's judgment entry is facially invalid because none of the boxes making findings or rendering a judgment were marked by the court. Apparently, in drafting the assignment of error, the Fetros' counsel relied on the copy of the judgment entry he was provided and was unaware the judgment entry in the court's file had been altered to reflect findings purportedly made by the trial court.

{¶8} The record does not indicate when the boxes making findings were marked on the judgment entry in the court file. Though, it can be deduced that the boxes were marked after the judgment entry was file stamped and a copy provided to the Fetros. Nor does the record indicate who marked the boxes making the various findings. If the boxes were marked by the visiting judge, there is less concern than if they were marked by well-intentioned court staff or, worse, by some other individual. However, even if the findings were added to the judgment entry by the visiting judge, or done at his direction, such additions to a file stamped document were improper. If the trial judge was endeavoring to make the judgment entry more complete, a corrected entry or a nunc pro tunc entry (assuming the findings were made at the hearing and the entry was truly being made to reflect what took place on the record) should have been filed.

**{¶9}** "Trial courts 'dispose of' claims through their judgment entries." *Smith v. Platinum Property Mgt.*, 2024-Ohio-5687, ¶ 5 (1st Dist.).  Civ.R. 58(A) instructs that, upon a decision announced, "the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal.  A judgment is effective only when entered by the clerk upon the journal." Civ.R. 58(A)(1).

**{¶10}** """A judgment is the judicial determination or sentence of a court rendered in a cause within its jurisdiction."""" *Platinum Property* at ¶ 6, quoting *State ex rel. Curran v. Brookes*, 142 Ohio St. 107, 110 (1943), quoting *Peter v. Parkinson*, 83 Ohio St. 36, 47 (1910); *see generally* 62 Ohio Jur.3d, Judgments, § 1 (2024).  Civ.R. 54(A) defining "judgment" reads:  "'Judgment' as used in these rules means a written entry ordering or declining to order a form of relief, signed by a judge, and journalized on the docket of the court."  Civ.R. 54(A).

**{¶11}** Inherent in these rules is the basic premise that it is the *court* who must make the decision as to the disputed matters and dispose of claims through a proper judgment entry ordering, or declining to order, some form of relief.  In the matter before us, it is unknown who marked the boxes granting judgment on the eviction claim of the complaint and continuing the damage claim for a future hearing.

**{¶12}** When an appeals court is asked to contemplate the judgment of a lower court, the reviewing court is frequently guided by a presumption of correctness of the judgment, and a presumption of regularity in the proceedings below.  This

typically occurs when our review is hampered by the absence of a trial transcript or other record pursuant to App.R. 9 (C) or (D). *Tretola v. Tretola*, 2014-Ohio-5484, ¶ 86 (3d Dist.). Further,

> [a] general principle of appellate review is the presumption of regularity, that is, a trial court is presumed to have followed the law unless the contrary is made to appear in the record. Thus, the court of appeals generally presumes regularity in the proceedings below, and all presumptions will be indulged in support of the validity and correctness of the proceedings below. Also, in appeals, all reasonable presumptions consistent with the record will be indulged in favor of the legality of the proceedings below. The law presumes that the decree or judgment was made upon proper grounds; that the court below applied the law correctly; that a trial judge performed one's duty and did not rely upon anything in reaching a decision upon which one should not have relied; and that the action below was justified.

*State v. Phillips*, 2022-Ohio-1262, ¶ 24 (2d Dist.), quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 454. *See also State v. Frazier*, 2024-Ohio-518, ¶ 10 (3d Dist.).

{¶13} Although we may be inclined to conclude the proceedings in the trial court were proper and the trial judge independently reviewed and ruled on issues raised in Fox's complaint, it is evident the trial judge did not perform his duty to ensure a proper judgment entry was filed. It is obvious the Judgment Entry Regarding Forcible Entry and Detainer contained in the court file was altered after it was file stamped. The original file stamped entry appears to have had no boxes marked that made findings or either granted or denied judgment. Further, it is unknown by whom or when the changes were made to the judgment entry.

Consequently, based on the record before us, we find it would be improper and unjust to apply the presumptions of regularity and correctness in this situation[5].

**{¶14}** Having found error prejudicial to the appellant, we reverse the judgment of the Tiffin-Fostoria Municipal Court and remand this matter for further proceedings consistent with this opinion.

*Judgment Reversed*

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

---

[5] We caution trial courts that while, in some circumstances, form entries with check boxes can be convenient, they must be used with caution due to the possibilities of incomplete or inconsistent findings or, as in the case here, subsequent alterations to the judgment entry.